## STEPHENS v. BRODNAX & NEWTON.

1. Where an order was made granting a new trial, on terms different from those on which it was asked, and which require their acceptance to be manifested by some act ; the prosecution of a writ of error by the party who prayed a second trial, amounts to a non-acceptance of the terms, and is consequently a waiver of the order.
2. Where it is stated in a bill of exceptions that a charge was prayed upon certain evidence, it will not be intended, in order to legalize the charge, that other evidence was adduced.

3. A person who has paid a note without the request of the maker, which he was not bound either mediately or immediately to pay, cannot recover the amount of the maker, in an action of *indebitatus assumpsit in his own name*.

4. It will not be inferred in the absence of proof, that where one person pays a debt for another, that he acts as the agent of the debtor, and advances his own money for him.

Writ of Error to the Circuit Court of Lowndes.

This was an action of assumpsit, brought by the defendants in error against the plaintiff, as one of the partners in a late mercantile concern, doing business under the style of Jacob H. McMichael & Co. The declaration contains all the common counts; and the cause was tried by jury as on issue joined, (though there is no plea in the record,,) and a verdict was found for the plaintiffs below for the sum of fifteen hundred and forty-nine 93-100 dollars; on which a judgment was rendered. Thereupon the defendant moved for a new trial; on which the following order was made : " The defendant assenting that the judgment may stand in full force for the amount, deducting eight hundred dollars, then a new trial is granted the defendant as to the amount so deducted, on his giving bond and security, payable to plaintiffs, to be judged of by the clerk, conditioned to pay the ultimate rendering which may be had against him. This new trial is to be confined to an entry in the account between the parties of $700 advanced the defendant." There is no evidence of record to show that the defendant executed the bond required by the order, or in any manner assented to a new trial on the terms imposed.

On the trial the defendant excepted to the ruling of the court. From the bill of exceptions it appears, that the plaintiffs, to sustain their declaration, offered in evidence two promissory notes, for one thousand dollars each, both dated " Lowndes county, May 10th, 1838," and payable nine months after date at the Branch of the Bank of the State of Alabama at Mobile, to Andrew Armstrong, cashier, or bearer. The one was made by James B. Stephens, James W. McQueen and Joseph M. Bullock ; the other by Josiah McMichael, Drury A. Gaffney and William W. Cook. At the foot of both the notes were written as follows : " Credit Rugely, Harrison & Blair." " Upon this evidence the defendant requested the court to charge the jury, that the bare possession of these notes by the plaintiffs, without

proof of payment by them, of the same, at request of the defend-
ant, was not sufficient to authorize a recovery against the defend-
ant in this action ; which charge the court refused to give, and
charged the jury, that possession of a note by one connected with
it as indorser, &c., was *prima facie* evidence of payment, but as
to those not a party to the note, a payment without request, un-
less by an agent, would not authorize a recovery for money had
and received, &c."

COOK, for the plaintiff in error.—The charge should have been
given as prayed ; it was warranted by the evidence, and the law
is certainly as the terms, in which it was asked, supposes.   The
charge given was not called for, by the evidence ; was calculated
to divert the attention of the jury to matters entirely foreign and
abstract ; and is incorrect in itself in assuming that where an
agent pays money for his principal, the legal inference is, that he
pays his own money, and not that of his principal.

J. P. SAFFOLD, for the defendant.—The writ of error should
be dismissed.   It appears from the record that a new trial was
granted at the instance of the plaintiff in error, and the case is
still pending in the Circuit Court ; and if it were allowable to re-
vise the judgment so far as it is in force, another writ of error
might be sued out when the case is definitively disposed of. The
inference is, that a new trial, with the conditions imposed by the
Court, was accepted by the party who asked it.

The bill of exceptions is too vague and uncertain to show that
the judge of the circuit court erred, either in giving or refusing a
charge to the jury.   The fair inference is, that there was evi-
dence which is not set out.  · The notes may have been paid by
plaintiffs below, at the request of one of the other members of the
firm than the defendant ; and unless the charge prayed had re-
ferred such an inquiry to the jury, this Court will not say that its
refusal was erroneous.   The propriety of a charge asked must
appear from the evidence.   [1 S. & Porter's Rep. 81 ; 3 Ala. R.
N. S. 419.]

Error must be shown affirmatively: A bill of exceptions should
not be uncertain, but should recite enough of the evidence to en-
able the revising court to see the pertinency of the legal points
intended to be raised.   [9 Porter's Rep. 195 ; Castles v. McMath,

1 Ala. Rep. N. S. 326 ; Stone v. Stone, ibid. 582 ; Schuessler v. The State, 3 Ala. Rep. 419 ; Norman v. Norman, 3 Ala. Rep. 389 ; Magee v. Billingsley, ibid. 680.]

A judgment will not be reversed for an erroneous charge, if it appear that no injury has resulted. [Porter v. Nash, 1 Ala. Rep. N. S. *supra,* 3 ibid. 680.] Conceding that the charge given was abstract, it is insisted, that it is in conformity to law. [5 N. H. Rep. 557 ; 4 Wend, Rep. 652 ; Chit. on Bills, 9 Am. ed. 593 n. 1 ; 4 Pick. Rep. 421 ; 12 Johns. Rep. 90 ; 3 T. Rep. 163–174 ; 5 Wend. Rep. 495 ; 1 Mason's C. C. Rep. 243 ; 17 Wend. Rep. 206 ; 2 Starkie's Ev. 301 ; 2 Pet. Rep. 318 ; 2 S. & Porter's Rep. 291.]

Possession of negotiable paper is *prima facie* evidence of property, where it is payable to bearer, or indorsed in blank. [3 Kent's Com, 51; 3 Burr. Rep. 1525; 2 S. & Por. Rep. 300, 318.]

One of the notes is signed by the plaintiff in error, and the other by one of his late partners ; the inference is that they were paid at maturity by plaintiffs below, as the agents of Messrs. McMichael & Co.

Where a new trial is not a matter of right, it may be restrained to one point. [4 Chit. Gen. Prac. 79 ; 4 Taunt. Rep. 555.]

COLLIER, C. J.—1. From the order in relation to a new trial, we learn that the defendant did not object to a judgment against him for eight hundred dollars, not that he was willing to submit to a recovery for that amount and take the chances of a second trial as to the residue of the plaintiff's demand, either with or without the condition annexed by the court. If the plaintiffs would not consent to take that sum as the amount of the judgment, then he moved the court to set aside the verdict, that the cause might be re-tried *in toto.* The order made was materially different from that asked, and its efficacy must of course depend upon the acceptance of its terms ; and this could only be manifested by the defendant's performance of the act required.

It is not shown by the record, that the defendant consented to accept a new trial on the condition imposed, nor will it be competent for him at any future time to avail himself of it. By prosecuting a writ of error on the judgment which was rendered, he affirms that it is still in force, and has elected to consider the or-

der, which is a conditional vacation of it in part, as wholly inoperative.

If the defendant had complied with the order of court, he could not have complained of any error which occurred at the trial. His assent to the judgment which would then have been rendered, would have divested the case of all legal objection, and been a virtual withdrawal of the bill of exceptions. And if it were allowable for him to avail himself of a new trial, if unsuccessful here, we should not hesitate to dismiss the writ of error.

The case of Dale v. Moseley, [4 S. & Porter's Rep. 371,] is unlike the present, upon the point we are considering. That was the trial of the right of property to two slaves. The jury found a verdict against the claimant, who moved for a new trial, which was granted as to one of the slaves, and refused as to the other. No act was required to be done by the claimant to entitle himself to a second trial, but the order was absolute : The court held that it was competent for the claimant to have refused a new trial, and to have brought up the entire case for revision, but having impliedly accepted it he could not prosecute a writ of error as to so much of the judgment as remained in force.

What we have said may be quite enough on this point ; but as it is not entirely out of place, we would remark, that as a new trial is not a matter of right, the court granting it may annex terms to the exercise of its discretion, which the parties may accept or reject, according as one or the other may be required to act. Nor is the power of the court restricted to awarding a second trial of the entire case, it may, with the *assent* of the parties, direct the judgment to be rendered as to part, and a new trial to be had as to the other matters in controversy. Whether the court could stipulate with the party only, who makes the motion, that he shall have a new trial as to a part, if he allow a judgment to be entered as to the remainder, we will not undertake to say, as our conclusion might conflict with what was said *arguendo* in Dale v. Moseley. [See, however, Hutchinson v. Piper, 4 Taunt. Rep. 555.]

2. Whether the bill of exceptions sets out all the evidence adduced at the trial, or whether any, or what other evidence was offered, we have no means of judging. After copying the notes it proceeds as follows : " Upon this evidence the defendant requested the court to charge the jury, that the bare possession of

these notes by the plaintiffs, without proof," &c.   The reasonable inference is, that there was no other evidence introduced pertinent to the matter of the charge prayed, or it would not have been asked upon the mere production of the notes.   Thus interpreting the bill of exceptions, the question is, can a person who has paid a promissory note without the request of the maker, which he was not bound either mediately or immediately to pay, recover the amount of the maker in an action of *indebitatus assumpsit* in his own name.   This question came directly before the court in Weakly v. Brahan & Atwood, [2 Stew't Rep. 500,] where the court say " it is a well ascertained rule of law, that one person cannot make another his debtor against his consent ;" and where one man pays money for another without his request, he cannot recover it of the latter by action of *assumpsit* in his own name.   This rule, of course, does not extend to purchases made of instruments which are so assigned as to vest the legal interest in the assignee.   And where one purchases a demand not assignable, whether evidenced by writing or not, he may sue in the name of the person in whom the legal right was vested.   Authorities are numerous to sustain the case cited.   [Richardson v. McRay, 1 Const. Rep. 472 ; Mayor, &c. of Baltimore v. Hughes, 1 Gill. & Johns. Rep. 497 ; Turner v. Egerton, ibid. 433 ; Renssalaer Glass Factory v. Reid, 5 Cow. Rep. 603 ; Rumney v. Ellsworth, 4 N. Hamp. Rep. 138 ; Little v. Gibbs, 1 South. R. 213 ; Jones v. Wilson, 3 Johns. Rep. 434 ; Menderback v. Hopkins, 8 ibid. 436 ; Beach v. Vanderburgh, 10th Johns. Rep. 361 ; Overseers of Walkill v. Overseers of Mamataking, 14 ibid. 436.] Although money is paid for a third person, yet if the latter promise to repay it, the person thus advancing money may maintain an action of *assumpsit* for its recovery.   In such case, the law either infers a previous request from the subsequent promise, or else supposes that the payment of money for another's benefit imposes a sufficient obligation in morals to sustain a promise,   [Hassinger v. Solm, 5 Sergt. & R. Rep. 9 ; Shrewsbury v. Boylston, 1 Pick. Rep. 105.]

In this view of the law, it is clear that the charge as prayed should have been given to the jury.   The absence of proof did not require the prayer to have been so framed as to ask the court to inform the jury, that a promise to pay would have authorised

the plaintiffs to sue; but it went far enough under the circumstances of the case.

3. There can be no doubt if an indorser, surety or any other person whose liability to pay a debt is accessorial, discharge it, but he may reimburse himself by an action against the principal debtor. [Shearman, et al, v. Akins, 4 Pick. Rep. 283 ; Hassinger v. Solms; *supra.* It cannot be inferred, in the absence of all proof, where one person pays a debt for another, that he acts as the agent of the debtor, and advances his own money for him.— There should be some proof of agency in such case ; what will be sufficient we will not undertake to say. If the agency were established, whether there should be evidence to authorise the presumption that the payment was made with the agent's means, or whether the implication would be, that he was in funds of his principal, we need not determine. If there was an entire absence of proof on these points, to say the least, the charge to the jury was unnecessary.

This view disposes of the questions raised upon the argument ; and the conclusion is, that the judgment of the Circuit court is reversed, and the cause remanded.