## EDWARDS vs. LEWIS.

1. If a party, after the grant of a new trial on condition that he pay the costs of the suit, without complying with the condition, sues out a writ of error to reverse the judgment, it is a waiver of his right to the new trial.

2. The grant of a new trial, on condition that the costs be paid by a specified day in vacation, is a nullity. (Per Parsons, J.—Dargan, C. J., expressing no opinion, and Chilton, J., dissenting.)

3. The regularity of the practice of granting a new trial after judgment, as to part, and letting the judgment stand as to the residue of the demand sued for, questioned per Parsons, J., and Dargan, C. J.—Chilton, J., holding that the practice has been too long sanctioned by this court to be now disturbed.

Error to the Circuit Court of Russell. Tried before the Hon. Nathan Cook.

Belser & Harris, for the plaintiff in error.

Rice & Morgan, for the defendant.

PARSONS, J.—Edwards, in an action of tresspass *vi et armis* for an assault and battery, recovered a verdict and judgment against Lewis for seven hundred dollars, besides the costs. From this judgment an execution was issued against Lewis, which was levied upon some of his property. He thereupon presented his petition for a supersedeas, alleging that he had paid the full amount of the execution. The supersedeas was granted, and at the next term of the Circuit Court, an issue was made up between the parties, according to the practice in such cases, by which Lewis avered the payment, and Edwards traversed or denied it. The issue was found by the jury for Lewis and the court ordered full satisfaction to be entered. Edwards excepted to several of the opinions of the court, and, besides, he moved for a new trial, and it was "ordered by the court that a new trial be granted as to five hundred dollars, upon the payment of all the costs of the said suit that have accrued, by the first of September next." This was at the March Term, 1849. This second judgment, by which satisfaction was ordered, Edwards brought here by writ of error, and insisted up-

on the matters stated in his bill of exceptions, as erroneous. But the judgment was affirmed.—16 Ala. 813. The court below, at its Spring Term, 1850, having received the certificate of the affirmance from this court, considered the cause as finally disposed of, and ordered it to be stricken from the docket, to which Edwards excepted. It is, therefore, necessary to consider the effect of the new trial as it was granted. If it be admitted that the new trial, as granted, was not a mere nullity, still it was granted on condition of the payment of the costs that had then accrued, by the first of September then next. With this condition it does not appear that Edwards complied, but, on the contrary, he took a writ of error, and we think he thus waived and forfeited such right to a new trial as he had.—Walker v. Hale et al., 16 Ala. 26.

2. But, speaking for myself alone, I am inclined to think, that as the order granted the new trial to take effect upon the performance of an act in *pais* during vacation, the order was wholly ineffectual from the first, or at least, from the end of that term. From the language of the order, it cannot be infered that the court intended the order take effect, until the costs were paid. For this construction of the order, Sands v. McClellan, 6 Cow. 582, is an authority. The new trial, therefore, was granted upon the condition precedent that the defendant should pay the costs by the first day of September then next. It is easy to say that he could pay the costs in vacation, and that the order for a new trial should thereupon take effect, but the novelty of such an order, with such a practice as it would introduce, is sufficient to call for the enquiry whether it is regular or even valid, or of any effect whatever. The maxim, that where an estate is to arise upon a condition precedent, it cannot vest until the condition is performed, is so strongly adhered to, that when the condition is become impossible, no estate or interest shall grow thereon.—2 Bac. Abr. by Bouv. 292, title, Condition. If performance is prevented, even by the act of God, the consequence must be the same.—Vanborne v. Dorrance, 2 Dall. 317; Monk v. Riggs, 19 J. R., 69; Taylor & Otis v. Bullen, 6 Cow. 624, and cases there cited.

The court did not intend that the judgment should be set aside or its force arrested, unless the costs should be paid within the time limited. If not paid within that time, an execution

might be issued and the judgment, consequently, would be entirely beyond the control of that court. The condition precedent was to be performed in vacation. Payment of the costs was all that was required. The party might pay the officers of court and the witnesses their costs, but the fact of payment might, nevertheless, be denied, or its validity controverted, and in such case the fact and the validity of the payment must be judicially determined, before the force of the judgment can be arrested, and for such a trial in vacation there is no provision by law. The court did not, in this case, by implication or otherwise, reserve control of the judgment beyond the first of September, and it could not act upon it after that time. It cannot be seriously contended that the payment could be established at a subsequent term by some proceeding in the nature of an *audita querela*. That would be a most litigious mode of getting a new trial. I incline to think the grant of the new trial was a nullity, because effectual compliance with it at any time after that term was impossible, and; therefore, it could never take effect.—See Gaines v. Daily, 1 J. J. Marshall, 478. If the court had continued the motion, so as to retain its jurisdiction and control of it, with an intimation to Edwards that, if before the next term he should pay the costs, a new trial would be granted, and the costs being accordingly paid, the new trial had been granted at the next term, all would have been consistent and right. Or, if the court had required him to confess judgment for the costs, and then granted the new trial, the question would have been free from the present objection.

3. The order granting this new trial was, as I think, erroneous in another respect. The new trial was granted after judgment, and it was granted only as to part of the matter of controversy. Upon this point I have looked at the case of Stephens v. Brodnax & Newton, 5 Ala. 258. I have nothing to say against what was decided there, but I must dissent from what was said. It was said that the court might, with the assent of the parties, direct a judgment to be entered as to part, and a new trial had as to other matters in controversy. If the court had said that the party asking the new trial might be required to stipulate on record to admit part of the demand, or part of the facts at the next trial, I could find no objection to it. But that is a very different thing from the practice of rendering several judgments

in the same suit, each one for a separate part of the matter in controversy. If such a practice can be permitted, then there must be an execution from each judgment, and in the event of writs of error, there must be one from each judgment, or other principles are to be violated. To a practice which must be productive of such an increase of costs of suit and litigation, I cannot assent.

I do not question the right of the Circuit Courts to impose terms, when they grant continuances or new trials, but this must not be done so as to violate judicial policy in any respect, and more particularly that policy which aims to prevent unnecessary costs and litigation. If all the litigation that may grow out of the execution of process from one judgment in a suit, such as trials of the right of property, &c., is to be multiplied several times, according to the number of judgments that might be rendered under such a practice, this, I think, is an evil sufficient to deter us from sanctioning it. The practice in England was that motions for new trials were always made before judgment, and the judgment was never entered until the motion was disposed of. I believe the same practice prevails in Massachusetts, and, doubtless, it would be good here. Under and consistently with this practice, it was held in England, that, as a new trial was not matter of right, it might be restrained to a single point.— Hutchinson v. Piper, 4 Taunt. 555. The like has frequently been held in Massachusetts.—Winn v. The Columbia Insurance Co., 12 Pick. 279; Williams v. Henshaw, ib. 378; Robins v. Townsend, 20 ib. 345. Under such a practice, it might be right to grant a new trial as to one item in controversy, or even as to part of the sum recovered by the verdict on an entire cause of action; but upon that practice, I apprehend that there could not be two or more distinct judgments in the same suit, but that the judgment would await the last verdict and then be rendered for the whole amount. Here, we have pursued a practice of granting new trials after judgment. The effect of this must not be overlooked. In the first place, it is perfectly clear, that if a new trial be granted generally, that sets aside the judgment, or if granted for part of the sum recovered by the verdict, the judgment is set aside to that extent at least, and here a new question growing out of a departure from the safe and well known common law practice arises. These questions are often extremely

embarrassing. Upon the principle that a judgment is an entire thing, it cannot be severed, so as to authorise one execution for one part and another for another part. That would be to increase costs and litigation, which the common law abhors. I, therefore, think, that when the Circuit Court may be disposed, in its discretion, to grant a new trial as to one fact, or as to part of what is recovered by the verdict, and this is done, under our practice, after the judgment is rendered, the judgment should be set aside entirely, and the cause continued to await the second verdict. Or, as it must necessarily all occur at the same term, the judgment entry might be struck out and the cause continued on the verdict and order for a new trial, as to one point, or part of the demand sued for, to await the second verdict. But if, hereafter, a case should come before us, in which, after judgment, a new trial has been granted as to one point, or as to part of the sum recovered by the verdict, and the court has left the judgment unaltered and on its face in full force, the question will arise, whether, as it has been in effect set aside as to part, it is not wholly annulled. That question will be decided when it may come before us. I am aware that there are cases, particularly in Kentucky and Mississippi, which are inconsistent with some parts of this opinion. I will only add that they were fully-considered.

Let the judgment be affirmed.

DARGAN, C. J.—The practice of granting continuances and new trials as to part of a demand sued for, on condition of suffering judgment to be rendered for the residue, has prevailed to some extent in some parts of the State, and seems to have been countenanced by this court in the case of Stephens v. Brodnax & Newton, 5 Ala. 258, but I think it a departure from the well settled principles of law, and productive of much more injury than benefit. I need not cite authority to prove, that if a party brings his suit for part of his demand only, as if he sues for one item of an account, when the account consists of several, and recover judgment for this portion of his demand alone, he could not be permitted afterwards to sue for the other items of the same account, for the law will not tolerate the splitting up a demand into several distinct suits, thus increasing litigation; and I cannot well see the difference between this and allowing,

Edwards v. Lewis.

under the sanction of the court, a judgment for part of the demand, and continuing the cause for the purpose of litigating the residue. Indeed it may be well questioned what the legal effect of a judgment for part may be. The object of the suit is to recover a judgment for the demand sued for. When, therefore, a judgment is rendered, the writ, it may be said, has performed its office, and the suit at an end, except as to the execution of the judgment; and it may be well to inquire what effect the plea of former recovery might have, if pleaded to the residue of the cause of action that has been continued by the court. I do not, however, intend to express any opinion upon the question I have supposed, but have adverted to it only, for the purpose of showing the results that may grow out of such a practice. But this is by no means all. In the future progress of the cause, there may be two distinct judgments, out of which litigation may grow, and the expenses greatly increased to both parties. It may be said that the demand would never be split into separate judgments, but with the assent of both parties, and if they assent to it, they voluntarily assume the risk of more expensive litigation, and should not be heard to complain. But it is to the interest of the community, as well as to the parties themselves, not to increase the litigation of the country, and a practice that is calculated to produce such a result ought not to be indulged. The courts can always, in the exercise of their discretion, impose terms, as a condition upon which a new trial will be granted, or the continuance of a cause allowed, but the terms should not be the rendition of judgment for part of the demand sued for, whilst the cause is continued in court for the purpose of litigating the residue.

CHILTON, J.—I agree in the result of this cause, for the reason that the sueing out of the writ of error, before complying with the condition upon which a new trial was granted, amounted to a waiver of such new trial.—Hale v. Walker, 16 Ala. 26 ; Stephens v. Brodnax & Newton, 5 ib. 258. As this view is decisive of the case, it is unnecessary for me to say more ; but lest my silence should be construed into an approval of what my brethren have said beyond this, I deem it proper to add, that in my opinion there is no necessity for departing from the practice of requiring parties, who admit a portion of a demand to be justly due, to

confess a judgment for that portion, or even to pay it as a condition for granting a new trial, or a continuance. Such terms should be left within the discretion of the primary court, which can usually make them available in the futherance of the justice of the cause. I concede that the court has not the power to split up demands as a matter of legal right, but can in the imposition of terms require the party asking a new trial to submit to such terms as a condition, upon which it will be awarded, and it is well settled, no writ of error will lie for the purpose of reviewing the exercise of such discretion.—4 Ala. 318, and cases cited. That such practice may sometimes operate to increase litigation cannot be denied; on the other hand, however, it often prevents a failure of justice by securing the payment of a portion of the demand which delay might render hopeless. But I do not feel myself at· liberty to treat the right of the court to impose such terms as an original question. I regard it as the established practice, and am for adhering to the maxim "*cursus curiæ est lex curiæ.*"

I deem the practice of granting new trials upon conditions to be performed after the court adjourns, as upon the payment of cost by a given day, also, too well established by the primary courts, as well as substantially sanctioned by this court, now to be disturbed. The difficulty, under which my brother PARSONS labors, is removed by the fact, that in such cases, the cause necessarily stands over until the next term, so that the court may definitely determine whether or not the condition has been performed.—See Reese v. Billing, 9 Ala. 263; Stephens et al. v. Mansony, 4 ib. 317; Martin v. Chapman, 1 ib. 278.