[Brown & Co. v. Peters.]

# Brown & Co. *v.* Peters.

94   459
122  445

*Action on Common Counts, for Lumber Sold and Delivered.*

1. *New trial as to part of plaintiff's demand.*—On motion for a new trial, after judgment on verdict for the plaintiff, if the court grants the motion "to this extent, judgment set aside as to all but $77.50, and parties allowed to litigate as to any balance claimed by plaintiff;" and satisfaction of that judgment is entered, on motion of the defendant, with money paid into court under the plea of tender; these facts furnish no ground for a dismissal of the suit at a subsequent term, and do not support a plea of *res adjudicata.*

2. *Delivery of goods of inferior quality.*—Under a contract for the sale and delivery of lumber of a specified quality, at an agreed price, if the lumber delivered is of an inferior quality, and the' purchaser notifies the seller of that fact, offering to pay a lower price for it, which offer not being accepted, he afterwards uses the lumber, he is liable at least for its market value.

3. *Motion for new trial; presumption in favor of judgment.*—On motion for a new trial, based on facts outside of the record, if the record does not show what evidence was offered in support of it, the appellate court will presume, in support of the ruling of the court below, that no evidence was offered, or . that the evidence offered did not sustain the motion.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by J. E. Peters against J. M. Brown & Co., and was commenced by attachment. The complaint contained only the common counts, each claiming $121, which was the value, or agreed price, of certain lumber sold and delivered by plaintiff to defendants, at $16.66 per thousand feet. The defendants pleaded the .general issue, and several special pleas, each of which alleged, in substance, that the lumber delivered by the plaintiff was not of the stipulated quality, and not suitable for the purpose for which it was intended, but was of inferior quality, and worth only $10.00 per thousand; and one of these pleas, a special plea of tender, was accompanied with the payment of $76.20 into court, as the sum addmitted to be due. On the trial, the plaintiff had a judgment on verdict, for the full amount claimed; but, on motion for a new trial, this judgment was set aside in part, as shown more particularly in the opinion of this court. At the next term, on motion of the defendants, the judgment for $77.50 was entered satisfied with the money

paid into court under the plea of tender. At the next term the defendants moved to strike the case from the docket, and excepted to the overruling of that motion. They then pleaded *res adjudicata*, and offered in evidence the record of the proceedings above stated; and they excepted to the exclusion of this evidence by the court.

On the trial, the evidence showed that the contract between the parties was for "hewed lumber, to be used for piling," but the lumber delivered by plaintiff was "sawed and planed, which was not suitable for piling," but was neverthless used by defendants, after they had notified plaintiff that it was not such lumber as they had contracted for, and that they would hold it subject to his order, or would pay him $10.00 per thousand feet. In this connection, the bill of exception contains this recital: "Under the rulings of the court, the market value of sawed and planed lumber, at the time of delivery, was the amount for which defendants were liable, and as to this the evidence was in conflict, some of the witnesses saying it was worth $16.66, and others that it was worth only $10.00, the amount of the tender made by defendants, The jury found for the plaintiff, and assessed the damages at $16.66 per thousand. The defendants asked the court to charge the jury, that they must find for the defendants, if they believed the evidence; and they excepted to the refusal of this charge.

The matters above stated are assigned as error.

BORDERS & CARMICHAEL, and SAYRE, STRINGFELLOW & LE GRAND, for appellants.

H. L. MARTIN, *contra.*

CLOPTON, J.—Issue having been joined, and a verdict thereon returned against defendants for the sum of $122.60, judgment was rendered at the January term, 1890, in favor of plaintiff for that sum. During the same term, the court, on motion of defendan s for a new trial, set aside the judgment, except as to $77.50, and granted a new trial as to the residue of plaintiff's demand. Defendants, by motions to dismiss the suit, made at subsequent terms of the court, and by plea, raised the question of the power of the court to grant a new trial as to a part of the plaintiff's demand, leaving the judgment to stand in reference to the balance, and also the legal effect of such order.

On the principle, that a judgment is an entirety, it may be conceded, as a general proposition, that when issue has been formed, and verdict thereon, the court has no authority to

[Brown & Co. v. Peters.]

sever the matter thus put in issue and found by the jury. It was so held in *Dale v. Mosely*, 4 St. & P. 371, which was a trial of the right of property to two slaves. Judgment of condemnation as to both having been rendered, a new trial was granted as to one, and refused as to the other, which, it was held, the court had no authority. to do. In the subsequent case of *Edwards v. Lewis*, 18 Ala. 494, though the decision of the question was not necessary to its determination, Justices Parsons and Dargan affirmed the same principle, on the ground, that a judgment "can not be severed so as to authorize one execution for one part, and another for another part." · In both of these cases, the power of the court to impose terms, as a condition on which a new trial will be granted, is recognized. In the first it is said : "It would have been competent for the court below to have offered the claimant his choice, to take a new trial for one of the slaves, on condition of his relinquishing claim to the other;" and in the latter Dargan, C. J. says : "The courts can always, in the exercise of their discretion, impose terms, as a. condition upon which a new trial will be granted;" suggesting, however, that when the court may be disposed, in its, discretion, to grant a new trial after judgment is rendered, as. to part of what is recovered by the verdict, it should be set. aside entirely, and the cause continued to await the second verdict; and that the terms should not be the rendition of judgment for part of the demands sued for, and the cause continued for the purpose of litigating the residue. It may be that this mode of proceeding is more technically correct, but the practice of requiring a party asking a new trial to confess judgment for the part of plaintiff's demand not contested, or to pay it, as a condition on which a new trial is awarded, has prevailed too long, and been too uniformly followed, to be now departed from without sufficient reason therefor. As said by Chilton, J., in *Edwards v. Lewis, supra :* "There is no necessity for departing from the practice of requiring parties, who admit a portion of a demand to be justly due, to confess a judgment for that portion, or even to pay it as a condition for granting a new trial, or a continuance. . . . I concede that the court has not the power to split up demands as a matter of legal right, but can, in the imposition of terms, require the party asking a new trial to submit to such terms as a condition upon which it will be awarded; and it is well settled, no writ of error will lie for the purpose of reversing the exercise of such discretion." This practice subserves the ends of justice; the plaintiff receiving that part of his demand admitted by the defendant to be due, or at least

[Brown & Co. v. Peters.]

not contested, and the defendant allowed the right to litigate as to the disputed portion. The same principle has been declared in respect to requiring a confession of judgment for a part of the demand sued for, as a condition of continuance. *Davis v. McCampbell*, 37 Ala. 609.

It is true, the order granting a new trial as to a part of the amount recovered by plaintiff does not expressly prescribe a confession of judgment, or a consent that it may stand for the undisputed part of plaintiff's demand, as a condition on which the new trial was awarded. Its terms are: "Motion granted to this extent: judgment set aside as to all but $77.50, and parties allowed to litigate as to any balance claimed by plaintiff"—apparently an exercise of the power to split the demand as a matter of legal right. If conceded that the order was unauthorized, so far as it allows the judgment to have effect as to a part of the sum recovered by the verdict, and that the legal effect of the order granting the new trial as to the residue would be to set aside the judgment *in toto*, and to continue the cause for a new trial as to that part of plaintiff's demand which by the order the plaintiffs were allowed to litigate on another trial, only that part of the order, leaving the judgment unaltered to a partial extent, is unauthorized and void. In *Dale v. Moseley, supra*, it was held that the new trial should be entire, or not at all, and a writ of error taken to reverse the judgment of condemnation as to the slave in reference to whom the new trial was refused, while the suit as to the other was pending, was held to be irregular, and dismissed. It also appears that the sum for which the judgment was allowed to stand, was subsequently paid by defendants. This may be regarded as a virtual consent to, and acceptance of, the grant of the new trial in the manner in which it was awarded, and operating to estop them from a denial of the authority of the court to grant a new trial for a part of the sum recovered by the verdict, leaving the judgment in full force as to the residue. From the foregoing principles it follows that, in any view taken of the case, the court did not err in overruling the motion to dismiss the suit, nor in refusing to admit in evidence the record of the judgment and the order granting a new trial.

Admitting that the proof showed a breach of warranty of the character and quality of the lumber, on the part of plaintiff, sufficient to justify defendants in refusing to pay the contract price, their subsequent use of the lumber rendered them liable for at least its market value. The mere fact that they notified plaintiff that the lumber was not of the character contracted for, and would not answer the purpose for

which it was ordered, and their offer to pay a lower named price which was not accepted, did not, under the circumstances, exempt them from liability to this extent. The evidence as to the market value being conflicting, the affirmative charge requested by defendants was properly refused.

Neither is there error in overruling the second motion for a new trial. The record is silent as to the offer of any evidence showing the existence of the facts on which it is based. Such being the case, without deciding the sufficiency of the facts, if established, to authorize a new trial, we must presume, in support of the ruling of the court, either that there was no evidence, or that the evidence disproved the ground of the motion.

Affirmed.