### BARRANCO et al. v. TOWNER.

(City Court of Brooklyn, General Term. March 25, 1895.)

EVIDENCE—COMPETENCY—TESTIMONY OF ADVERSE PARTY.
   Where plaintiff, in an action for the price of goods sold, testifies as to a conversation with defendant at which the sale was negotiated, it is error to exclude, on the ground that the contract of sale was written, testimony by defendant as to what conversation he had with plaintiff.

Appeal from judgment on report of referee.

Action by Manuel F. Barranco and Benjamin J. Guerra against Roger B. Towner. There was a judgment in favor of plaintiffs, and defendant appeals. Reversed.

Argued before CLEMENT, C. J., and VAN WYCK and OSBORNE, JJ.

Aynes & Walker, for appellant.

Julius Lehmann, for respondents.

PER CURIAM. We have carefully examined the record in this case, and are of opinion that the exceptions at folios 96 and 97 were well taken. At folio 26, Mr. Levison stated, on behalf of the plaintiffs:

"I had a conversation with him [meaning the defendant] at that time; and, as a result of that conversation, I had business transactions with him. I sold Mr. Towner a bill amounting to about $985. I did not sell him the same brand that he purchased before. I sold him the same cigars, but a different brand."

Again, at folio 83, Levison testified, on behalf of plaintiffs:

"The goods ordered in October were similar to the goods ordered in March previous; same cigars, but under a different label. Q. What was stated at the time you took the order in October? A. When I came into Mr. Towner's, I asked him if he wanted any of my cigars any more. He said, 'Yes; I can use your cigars;' and then he gave me an order."

The following question was asked the defendant by his counsel, at folio 96:

"Q. What conversation did you have with Mr. Levison, the salesman of plaintiff, at the time you gave him the order for the goods in suit?"

The question was excluded, on the ground that the contract was in writing. If the plaintiffs' counsel relied on the contract contained in the letters, he should not have examined Levison as to conversations with defendant. As he did, we think the defendant should have had the privilege of, at least, contradicting the testimony of Levison. The letters, if to be treated as the contract, were silent as to the quality of a portion of the goods. As to the first item of Exhibit 6, plaintiffs' Exhibit 4 shows that the cigars were to be of the same size as a certain brand sold in March previous, but nothing is stated in the letter as to quality; and it is the same as to the item in Exhibit 6.

Judgment reversed, order of reference vacated, and a new trial granted; costs to appellant to abide the event. All concur.