# Griffin v. Head.

*Statutory Action of Detinue.*

1. *Action of detinue; trial and its incidents; severance after verdict.*—After a verdict in favor of the plaintiff in a detinue suit, the court is without authority, in the absence of consent of the parties, to sever the cause of action and render a judgment for part of the property sued for and included in the verdict, and then continue the cause as to the remainder.

2. *Same; evidence; admissibility of writing.*—In an action of detinue, where the issue is as to whether or not the defendant was in possession of the property sued for at the institution of the suit, and the plaintiff testifies that he received a letter from the defendant warning him to keep off the premises where the property was situated, the defendant may, by parol, introduce evidence showing that the letter referred to by the plaintiff did contain such a warning.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. J. M. CARMICHAEL.

[Griffin v. Head.]

This was an action of detinue brought by the appellee, T. L. Head, against the appellant, J. E. Griffin, to recover a boiler and engine, a pair of scales commonly used for weighing wagons, a gin with condenser and feeder and the belting and shafting used in a ginnery, and one Nance self-packing cotton press. The defendant pleaded *non-detinet,* and in a special plea set up the defense that at the time of the institution of the suit the defendant was not in possession of the property sued for, but the plaintiff was in possession; this plea going into the details of the arrangement between the plaintiff and the defendant by which the defendant alleged the plaintiff was in possession of the property at the time of the institution of the suit.

On the trial of the case the evidence for the plaintiff tended to show that he claimed title to the boiler and engine, belting and shafting and the scales described in the complaint under a mortgage given by the defendant to him, the execution of which mortgage was admitted by the defendant; that he claimed title to the gin condenser and feeder described in the complaint by purchase from one McLauren and claimed title to the Nance self-packing press by purchase from J. P. Wood & Brothers. The plaintiff then proved the value of the several articles sued for, and his evidence tended further to show that said property was in possession of the defendant at the institution of the suit, and that the debt evidenced by said mortgage was due and unpaid.

The evidence for the defendant tended to show that after the execution of the said mortgage given by him to the plaintiff, the building in which the machinery described in the mortgage was placed was destroyed by fire; that being unable to rebuild the building, the plaintiff agreed with him that if he would rebuild said houses and put his ginnery in running order and turn it over to him, he, the plaintiff, would assist the defendant in purchasing any machinery necessary, and after the ginnery was put in running order, he, the plaintiff, would take charge of it and operate it until he was paid by the income therefrom the amount the defendant owed him on the mortgage; that under this agreement the defend-

[Griffin v. Head.]

ant rebuilt the houses for his ginnery; that he and the plaintiff together purchased the cotton press and the gin, feeder and condenser; that the plaintiff paid the money for all of the property so purchased, but that the defendant owned an interest in said property so placed in the ginnery; that after completing the ginnery and it was in running order, the defendant turned the same over to the plaintiff and had not been in possession since, nor had he had anything to do with the output, and that he was not in possession at the time the suit was insti-tuted.

During the progress of the trial, the plaintiff, as a witness in his own behalf, testified that the defendant was in possession of the property sued for at the commence-ment of the suit and had warned him, the plaintiff, in a note, to get off the premises where the machinery was located. The plaintiff as a witness testified that he had the note at home, but had neglected to bring it into court. In rebuttal of this testimony, the defendant introduced as a witness one John Taylor and offered to prove by him that he, the witness, read the note for the defendant, which the plaintiff had testified contained a warning to him to keep off of the premises where the machinery in-volved in this suit was placed, and that said note did not contain any such warning. The defendant also offered to prove by this witness the contents of said note, but the plaintiff objected to said testimony, the court sus-tained the objection, and refused to allow the witness to testify as to the contents of said note; and to this rul-ing of the court the defendant duly excepted.

Upon the return of a verdict in favor of the plaintiff, there was judgment entered accordingly. The judgment entry, after stating an amendment of the complaint, a reference to which is unnecessary on this appeal, then recites as follows: "Then came a jury of good and law-ful men, to-wit: John Falkner, foreman, and eleven oth-ers, who on their oaths say they find for plaintiff the property sued for, to-wit: One boiler and engine value, $150; belting and shafting, $25; Fairbanks scales, $25; 1 Pratt Gin and fixtures, $200; half interest in Nance press, $175, and find for the defendant the property sued

[Griffin v. Head.]

for, to-wit: Half interest in Nance press, value $175. It is considered by the court that the plaintiff recover of the defendant the property sued for except half interest in the Nance press, and also the costs for which let execution issue. It is ordered by the court that verdict as to Nance press be set aside, and parties allowed to litigate as to press at next term." The defendant appeals, and assigns as error the rulings of the court in refusing to allow the defendant to prove the contents of the note referred to in the plaintiff's testimony, and the rendition of the judgment as above set forth.

J. D. NORMAN, for appellant.—The appellee testified, as a circumstance tending to show possession in the appellant, that the appellant had warned him in a note to keep off the premises where the machinery involved in the suit was located, and that he had the note at home but had neglected to bring it to court. The evidence offered tended to contradict the testimony of the appellee, and the note being in the custody of the appellee, and a matter merely incidential or collateral to the main issue, furnished an exception to the general rule, and appellant ought to have been permitted to introduce the evidence. *Graham v. Lockhart*, 8 Ala. 9; *Street v. Nelson*, 67 Ala. 504; *Rogers v. Gaines*, 73 Ala. 221.

The judgment was an entirety, and the court had no authority to sever the matter put in issue and found by the jury.—*Dale v. Mosely*, 4 Stew. & Port. 371; *Brown & Co. v. Peters*, 94 Ala. 460.

HOLLOWAY & HOLLOWAY, *contra.*—The court did not err in refusing to permit the witness John Taylor to testify to the writing of and contents of the written instrument. No demand was made upon appellee to produce the writing at the time. Secondary evidence of the contents were inadmissible.—1 Greenleaf on Evidence, 560, and authorities cited; *Phillips v. Americus G. Co.*, 110 Ala. 521; *Golden v. Conner*, 89 Ala. 598.

The judgment in the court below was good as to all the property sued for, except as to the press.—6 Encyc. of Plead. & Prac. 660, § 3; 5 Amer. & Eng. Encyc. of Law, (1st ed.), 657, § 9; *Brown v. Peters*, 94 Ala. 459.

[Griffin v. Head.]

SHARPE, J.—The verdict being sufficient as to some of the property sued for, it was competent, the plaintiff consenting, to render judgment for that part only; and the defendant not being injured by the exclusion from the judgment of the Nance press, such exclusion merely furnishes no cause for him to complain.—*Alexander v. Wheeler*, 78 Ala. 167. But after verdict upon the issues formed the court was without authority, in the absence of consent of parties, to sever the cause of action so put in issue and tried by the jury by rendering judgment for part of the property sued for, and continuing the cause in court for future litigation therein as to the remainder. *Dale v. Moseley*, 4 Stew. & Port. 371; *Brown & Co. v. Peters*, 94 Ala. 459.

It appears that the main issue under the special plea was as to whether the defendant had possession of the machinery sued for when the suit was brought; the plea averring that he had previously delivered it into the possession of the plaintiff, since which delivery he had not been in possession.

The note referred to in the first and second assignments of error, and which the plaintiff testified warned him to keep off the premises where the machinery in controversy was situated, was material evidence bearing on the question as to whether the defendant had delivered the property to the plaintiff or was still withholding it. The note was itself the primary evidence of such warning, and had the defendant been the first seeking to prove its contents the general rule would have required of him the writing or an unfruitful notice to the plaintiff to produce it, before permitting the proof to be by parol. But the plaintiff, having testified to his version of the note, could not properly take advantage of the rule to preclude the defendant from contradicting his testimony by evidence of the same class.—*Bogk v. Gassert*, 149 U. S. 17; *Barranco v. Towner*, 32 N. Y. Supp. 914. The exclusion of evidence offered in disproof of the plaintiff's testimony as to such warning was error.

The judgment must be reversed and the cause remanded.