## LEE v. BRYAN.

1. In a case where property levied on is claimed, and after trial is subjected to the payment of the execution, by the verdict of a jury, which also assesses damages for the frivolous claim, it is irregular to render judgment against the claimant for the debt, damages, and costs, to be levied on the property subjected; but such a judgment can not be reversed at the instance of the claimant, because he is not injuriously affected by the irregularity.

Writ of error to the Circuit Court of Barbour county.

A claim was interposed, pursuant to the statute, to certain slaves levied on by the sheriff, by virtue of an execution, in favor of Bryan. The proper issue was submitted to a jury,

Lee v. Bryan.

which returned a verdict, finding the slaves subject to the execution, and assessing the value of each slave. The total value of all the slaves was $2900, according to the assessment. The verdict also found, that the claim was made for delay merely, and assessed $125 40, for damages for the frivolous claim, that sum being 10 per cent. on the amount of the execution.— The verdict furthermore ascertained, that $1318 12, was then due on ths execution for debt, interest and costs. On this ver· dict, the following judgment was rendered: "It is, therefore, considered by the Court, that said plaintiff recover of said claimant, said sum of thirteen hundred and eighteen dollars and twelve cents, that being truly the amount of debt, interest and costs, due upon said execution, and found as aforesaid; and also, the further sum of one hundred and twenty-five dollars and forty cents, for said damages; as also, costs in this behalf, to be levied of the slaves aforesaid."

To reverse this judgment, the claimant prosecutes this writ of error, and assigns, that the Circuit Court erred in rendering judgment against him personally, for the debt, damages and costs, when he was only liable for the damages and cost.

C. LEWIS, for the plaintiff in error, insisted that the statute only authorised a condemnation of the property claimed, but instead of that, the claimant here is made responsible for the entire debt, although the slaves may not produce that sum.

J. G. SHORTER, with whom was Mr BUFORD, contra, denied that any such effect could be produced by the judgement. It was a substantial compliance with the statute, inasmuch as it directs the amount of the execution to be levied out of the slaves. Should these not produce the requisite sum, no execution can go against the claimant personally. As to the damages and costs, it is true, these ought to be paid by the claimant, and the slaves should not be burthened with their payment; but this is an error which does not prejudice the claimant, and therefore, is no cause for reversal. It was so held as to costs, in the case of Fryer v. Dennis, 2 Ala. Rep. N. S. 135; and the principal is identical when applied to the damages.

GOLDTHWAITE, J.—The proper judgment in this case

would have been to declare the slaves subject to the plaintiff's execution, and that he should recover from the claimant the damages assessed by the jury, together with his costs in that behalf expended. Hughes v. Rhea, Conner &. Co. 1 Ala. Rep. N. S. 609. Although the judgment as rendered, is irregular, and certainly erroneous, so far as it throws the plaintiff on the slaves for his damages, and costs, it cannot be reversed at the instance of the claimant, unless he can show that injury will result to him, if it is permitted to stand. In no aspect in which we can view this case, can we arrive at the conclusion that he is, or can be injuriously affected by the judgment. He, by law is liable immediately for the damages assessed, as well as for the costs, and yet neither can be collected from him, as the judgment now stands. Nor is he liable personally for the debt for which a recovery is erroneously given, because the judgment directs that it shall be levied from the slaves found subject. We are not aware that he could be subjected to the payment of the sum ascertained, even if the slaves were eloigned. We mention this merely to show, that if one slave only had been in controversy, and that one of very little value, the plaintiff would have no remedy on the judgment upon the principle of a devastavit, superior to that which he might have on the bond. We might also add, that the judgment, as rendered, is of no other avail to the plaintiff, than to authorise him to have the slaves sold in satisfaction of his debt.

We do not consider the irregularity as attributable to the Court below; it is at most, a mere error of the clerk, whose duty it is to enter judgment on the verdict, according to law; and that ascertains what the recovery is to be, with as much precision, in a case like this, as it does in one in which a verdict is rendered for a specific sum of money.

The judgment must be affirmed, not because it is regular, but because the errors complained of, do not injuriously affect the claimant.

As the judgment has been superseded by bond, and is in form, a money judgment, the damages on affirmance, without instructions to the contrary, might be computed on the debt irregularly recovered. We think it proper to direct, that damages shall be computed alone on the sum for which the claim-

ant is liable, that is, the damages assessed by the jury. The claimant himself ought not to be prejudiced by the irregularity, even in a collateral matter.