# STEPHENSON ET AL v. MANSONY.

4 317
142 118

1. The Court trying a cause may annex as a condition on which a new trial is granted, that the party asking for it, pay costs, or that it be granted, unless the plaintiff remit damages, &c.

2. Upon a motion for a new trial submitted by the defendants, the Court made the following order: "The plaintiff is hereby required to remit the one thousand dollars damages assessed by the jury, or a new trial is granted by the Court, on the payment of all costs." In a short time after the Court had adjourned for the term, the defendants paid the costs. At the second term thereafter, the plaintiff moved to strike the cause from the docket, upon his releasing damages— *Held*, that the costs were paid in due time, but the plaintiff should have elected to enter a *remittitur* at an earlier day, and the cause could not now be dismissed.

3. An order declaring that a previous order had been complied with, and adjudging that the cause to which it relates be stricken off the docket, is not revisable

on writ of error ; but if injustice results from it, the appropriate remedy is by writ of *mandamus*.

WRIT of Error to the Circuit Court of Mobile.

This was an action of trespass by the defendant in error against the plaintiffs, to try the title to, and recover the possession of, certain real estate, situate in the county of Mobile, together with damages for its occupancy. The cause was tried at the term of the Court holden in April, 1839, and a verdict returned in favor of the plaintiff, that he recover the possession of the land and one thousand dollars damages. On the first day of June, 1839, during the same term, the defendant moved the Court for a new trial ; in answer to which the Court made an order as follows, viz. " In this cause is a motion for a new trial, the plaintiff is hereby required to remit the one thousand dollars damages assessed by the jury, or a new trial is granted by the Court, on the payment of all costs."

At a term holden in April, 1841, the plaintiff released the damages assessed by the jury, at the trial, and thereupon the Court struck the cause from the docket, overruled the motion for a new trial, and awarded a writ of *Habere facias possessionem*. This order was made on the motion of the plaintiff submitted in April, 1840, and then continued.

To the order striking the cause from the docket the defendants excepted. The bill of exceptions shows that the plaintiff had never released the damages, but the defendants had paid the costs of the suit in July, 1839, and that the Court put the plaintiff to his election either to release the damages or go to trial. Other matters are stated in the bill of exceptions, but are already recited from the record and need not be here repeated.

CAMPBELL, for the plaintiffs in error.
STEWART, for the defendant.

COLLIER, C. J.—It is a right incidental to all Courts invested with the jurisdiction to hear and determine causes, to grant new trials so as to promote justice.

This power, though guided by certain rules which have been laid down from time to time, must, of necessity, be to a great extent discretional. An order for this purpose may be either absolute or unqualified, or may be conditional and impose upon the party asking it the performance of some act, or to prevent a new trial it may require the party against whom the motion is made to renounce at his election, some advantage he has gained. This being the case it will follow that the order first made by the Circuit Court was entirely regular.

The inquiry is, what does this order require of the respective parties, and what are the legal consequences that result from it? To prevent a new trial the plaintiff is explicitly required to release "the one thousand dollars damages assessed by the jury." True, no time is prescribed within which the release is to be perfected, yet it would seem that it should be made pending the term of the Court; otherwise, upon the payment of the costs by the defendants, the cause might remain in Court for an indefinite period, and upon being called for trial after repeated continuances, at the election of the plaintiff to release damages, be stricken from the docket. But if the failure of the plaintiff to release the damages at the term when the order was made, cannot be regarded as an assent that the case shall be retried, certainly its reinstatement and continuance without objection at the succeeding term must have that effect. The record does not explicitly inform us that the cause was continued at the fall term of 1839; yet the payment of the costs in July placed it in Court again, and it was continued by operation of law, up to April, 1840, when the motion was first submitted by the plaintiff to strike it from the docket.

Perhaps it may be supposed that the defendants should first have paid the costs, before the plaintiff could be required to release. The nature of the order forbids such an idea. True, the defendants would have been liable to an execution for the costs, if the damages had been released, but the order only contemplated that they should be paid into court to obtain a new trial. It was uncertain whether the defendants could have the case re-tried until after the time had elapsed when the plaintiff might elect to release; and having paid the costs in a reasonable time thereafter, it seems to us that they have done

every thing enjoined upon them, to obtain the benefit of their motion.

From this view it results that the cause was improperly stricken from the docket of the Circuit Court, and if the writ of error authorizes the revision of the order for that purpose, it must be reversed. But it has occurred to us to be worthy of inquiry, whether, in a case like the present, a writ of error will lie.

A writ of error is in the nature of a commission to the Judges of the Court to which it is returnable, to examine the record upon which the judgment or decree was given; and lay at common law where a party supposed himself aggrieved by any error in the foundation, proceeding or judgment of a suit in a court of record. By statute a writ of error is given for the removal of a final judgment at law, or decree in Chancery, or a final order of the Orphans' Court, &c. The order in question technically speaking cannot be regarded as the judgment of the Court in the cause. It neither adjudges that the plaintiff has made out his case, or that the defendants have not sustained their defence. It merely determines that the plaintiff had complied with the previous order of the Court, and as a consequence, the judgment which had been rendered should not be set aside. In other words, it only gave effect to an order which directed a new trial should be granted, if a plaintiff failed to do a certain act, by declaring that, that act had been regularly performed. It is only a continuation of the first order and according to the view we have taken, cannot be revised on error.

The defendants are not, however, remediless. It is entirely competent for them to ask this Court to compel a reinstatement of the cause by *mandamus*. This is a writ, introduced it is said, to prevent a failure of justice, and ought to be used on all occasions where the law has established no specific remedy, and where in justice there ought to be one. [5 Com. Dig. 31, *et post*; Ex parte Bradsheet, 6 Peters' Rep. 774 ; Ex parte Hoyt, 13 id. 279; Livingston v. Dorgenois, 7 Cranch's Rep. 477; Welsh v. Mandeville, 7 Cranch's Rep. 152; Ex parte Tarlton, 2 Ala. Rep. N. S. 35 ; The People v. The Mayor, &c. 10 Wend. Rep. 293; The People v. The Superior Court of the city of

New York, 5 id. 144; Anon. 9 id. 472; Ex parte Nelson, 1 Cow. Rep. 417.] Without a particular review of the cases cited, it may be sufficient to say that some of them are pertinent to show that a *mandamus* is the appropriate remedy for the defendants.

The consequence is that the writ of error is dismissed.