## REESE v. BILLING.

9   263
132   223

1. Under an order requiring a plaintiff to give security for costs "by the next term," or upon the failure to do so, the suit stand dismissed, it is allowable for him to give the security, any time at or before the next calling of the cause, at least during the term to which the cause was continued.

2. The plaintiff was directed to pay all costs incurred up to the time of setting aside a non-suit, by the next term of the court; if he failed to do this, it was then "ordered and considered," that the non-suit should not be set aside, but should remain in full force, and execution issue thereupon, after that term: *Held*, that the order setting aside the non-suit, reinstated the cause and made it subject to future action, and the court at its "next term," might, even after the first day thereof, permit the costs to be paid, and direct a trial to be had.

Writ of Error to the Circuit Court of Talladega.

THIS cause was called for trial on the 9th day of the term, the plaintiff announced himself ready for trial, but the defendant insisted, that the cause was not pending in court, but had been disposed of by an order of the preceding term, which order is as follows, viz : " This day came the parties by their attornies, and the plaintiff takes a non-suit; afterwards, on plaintiff's motion, and on sufficient cause being shown, it is ordered by the court, that the non-suit so taken be set aside, if the plaintiff does by the next term of this court, pay all the costs in this case incurred, and in this behalf expended; if the plaintiff fails to pay all the costs as aforesaid, by the next term of this court, it is further ordered and considered by the court, that the said non-suit shall not be set aside, but shall stand good and valid ; and that the defendant recover of the plaintiff all the costs of this case, for which execution may issue, after such failure by plaintiff to pay the costs as aforesaid, and after the next term of this court. And it being proved, that the plaintiff is a non-resident of Alabama, and a citizen of Georgia, on defendant's motion, it is ordered by the court, that in the event the plaintiff pays the costs heretofore incurred, in pursuance of the above order,) plaintiff give se-

curity for costs by the next term of this court, or that the suit be then dismissed." It was then proved, that the costs of the non-suit had not been paid, nor had security been given as required by the order. Thereupon the defendant refused to proceed further in the cause, and prayed the court that the same might be stricken from the docket; but the court overruled the motion, permitted the requirements of the order to be now complied with, and ruled the defendant to a trial, unless he could show cause for a continuance. The defendant refused to show cause or acknowledge himself in court; but excepted to the action of the court against him. Thereupon a judgment by *nil dicit* was rendered for the amount of the note declared on, &c.

S. F. Rice, for the plaintiff in error, insisted, that the order should have been complied with by the first day of the succeeding term; and that the term was not considered as a single day, but according to the truth. [Pope v. Brandon, 2 Stew. Rep. 401.]

No counsel appeared for the defendant in error.

COLLIER, C. J.—In Lyons v. Long, 6 Ala. Rep. 103, an order was made, requiring the plaintiff to give security for costs within sixty days, and in the event of a failure to do so, the suit stand dismissed. It was said that the object of the legislature, in requiring the costs to be secured within sixty days, was in all probability to prevent surprise at the trial, and it was allowable to give security any time at or before the next calling of the cause. The defendant could not be prejudiced by this indulgence; for if he had failed to prepare for trial, in consequence of the failure promptly to comply with the order, the court would doubtless grant him a continuance. So far then as the order in the present case required the plaintiff to secure the payment of costs to be incurred *in futuro*, if not literally, it was in point of law complied with.

The plaintiff was directed to pay the costs incurred up to the time of setting aside the non-suit, by the next term of the court, and if he failed to do this, it was then "ordered and

Reese v. Billing.

considered," that the non-suit should not be set aside, but should remain in full force, and execution issue thereupon after the then next term. The effect of the entry was, either to re-instate the cause in court *eo instanti* it was made, or else continue the motion for that purpose *sub judice* until the succeeding term. If the former, then, the cause was reinstated in court, and subject to future action, and the recital in the entry, that it was "ordered and considered by the court, that the said non-suit shall not be set aside, but shall stand good and valid, and that the defendant recover," &c., is not restrictive of the power of a court subsequently holden. The judgment being set aside, the cause is *in fieri*, and it is competent to make any order that may be proper, or to vacate one that has been previously made. There is nothing so potent in the terms "by the next term," &c., as to conflict with this conclusion. It is clearly allowable, consistently with the rules of interpretation, to construe "by," to mean "on," or "at." In fact, by setting aside the non-suit, on the terms indicated, the cause was necessarily continued, until the succeeding court should declare, by a definitive order, whether the costs were paid, and the condition of the cause.

If the effect of the order was to continue the motion to set aside the non-suit, then it is clear, that at the next term, it was competent for the court to act on it, and to disregard it *in toto*, or modify it as might be thought best. But we think the cause was re-instated by the order, and it was permissible to pay the costs, not only *by the first* day of the succeeding term, but at the calling of the cause, any time during the court. The consequence is, that there is no error in the proceedings of the Circuit Court. Its judgment is consequently affirmed.