Walker v. Hale et al.

## WALKER vs. HALE ET AL.

1. If a motion is made for a new trial, during the Term at which a case is tried, the Court may continue, and dispose of it at a succeeding Term.

2. If a party moves for a new trial, but without awaiting the action of the Court, prosecutes a writ of error to this Court, where the judgment is affirmed, the primary Court has no longer the power to grant his motion.

3. A writ of error will not lie on the order of an inferior Court granting a new trial.

Error to the Orphans' Court of Talladega.

AT the October Term, 1847, of the Orphans' Court of Talladega, the plaintiff in error propounded for probate a paper purporting to be the last will of David Walker, deceased. The next of kin having appeared and entered their *caveat*, an issue was made up and submitted to a jury, who returned their verdict, establishing the instrument as the will of the deceased, and a decree was rendered in accordance therewith. In the progress of the trial, a bill of exceptions was taken, and subsequently a motion was made for a new trial, which was continued by the court. The record does not disclose that any further action was had on the motion, until the 15th of June 1848, when the contestants moved the court to grant the motion. The plaintiff in error appeared by counsel, and alleged several reasons why the motion should not be then granted, and amongst others, that the contestants had sued out a writ

of error to the Supreme Court, to reverse the decree probating the will, and that it had, at the January Term, 1848, of the said Supreme Court, been affirmed. · All the objections were overruled by the Judge, the motion was granted, and a new trial ordered. ' To reverse this order, a writ of error is prosecuted to this court.

McAfee for plaintiff.

Rice & Morgan, contra, submitted a motion to dismiss the writ of error.

DARGAN, J. A court cannot grant a new trial, after the term is closed, at which the cause was tried, unless a motion during the term be made, and for some cause continued until the next term; but if the motion is made, the legal effect of it is to retain the matter for that purpose, under the control of the court. The cause is said still to be *in fieri*, by reason of the motion; and the court may make any order afterwards that may be proper. Reese v. Billings, 9 Ala. 263; 3 Ala. 746; Stephenson v. Mansony, 4 Ala. 317. Yet there must be an end of litigation, and a time must come when the power of the court over the judgment must cease, notwithstanding the motion may not have been disposed of. If, instead of pressing for the action of the court on the motion, the party takes a writ of error to the Supreme Court, and the cause is there heard and determined, and the judgment is affirmed, the judgment is final, and the inferior court no longer retains the power to grant a new trial. The Orphans' Court had no authority to grant the motion, if it was made to appear that the final decree probating the will had been affirmed by this court.

But a writ of error is not the proper remedy to correct the erroneous act of the county Judge. This writ can only be issued to revise a final sentence, judgment, or decree. The granting of a new trial is neither of these.

Let the writ of error be dismissed.