## WILLIS & CO. *vs.* THE PLANTERS' & MERCHANTS' BANK OF MOBILE.

1. In a trial of the right of property to certain slaves, which had been levied on under execution, and to which a claim had been interposed, if the jury assess the aggregate value of the slaves, instead of the separate value of each, that portion of their verdict is without legal warrant and wholly nugatory, and must be treated as surplusage. But the judgment will not be reversed on account of such defect, if the verdict is in other respects formal, and sufficient to authorize the judgment rendered upon it.

2. An order setting aside a judgment and granting a new trial, "upon the payment of all costs," does not vacate the judgment; and if the costs are not paid, a subsequent judgment, "that the order is therefore discharged and the plaintiff permitted to proceed upon the previous judgment as if no such order had been made," merely gives the previous judgment its full effect.

Error to the Circuit Court of Lowndes. Tried before the Hon. Nathan Cook.

This was a trial of the right of property in certain slaves which had been levied on under an execution in favor of the P. & M. Bank of Mobile, and claimed by the plaintiffs in error. The jury found a verdict in favor of the Bank, and assessed the *aggregate value* of the slaves. The plaintiff in error made a motion to set aside the judgment and for a new trial, upon which an order was made, "that said motion be granted upon the payment of all costs which have accrued in said cause from the commencement up to this day." A subsequent judgment was rendered which recites that the claimants had not complied with the order made at the last term of the court, and that said motion is therefore discharged, and said plaintiff permitted to proceed upon the judgment obtained at the last term of the court, as if no such order had been made.

Stone & Judge, for the plaintiff in error :

1. The value of each slave should have been separately assessed by the jury. The statute makes it the imperative duty of the jury to do it.—Clay's Dig. 213, § 64. The action of detinue in this respect is analogous; and in detinue it is an indispensable requisite.—Bell v. Pharr et al., 7 Ala. 807; Haynes

v. Crutchfield, ib. 189. 'Tis true this court has decided, that the omission of the jury to discharge this duty is not an error of which the claimant can complain.—Hardy et al. v. Gascoignes, 6 Port. 447; Phelan v. Fancher, 5 Ala. 449. And it has also decided that it is not an error of which the plaintiff in execution can complain.—Burnet, Wilroy & Co. v. Maxey, 9 Port. 410. If these decisions are adhered to, it is respectfully submitted, that an imperative statute of the State will have been repealed by this court. The reason given why the claimant cannot complain of such an omission is, that he is thereby placed in a better position. This reason is unsound. If no value is assessed, the claimant is placed in a worse condition; for if the property dies or is destroyed before the trial, no value being assessed, a suit at common law, and recovery upon the claim bond, would be a matter of course; and thus it would take two suits to determine what the statute intended should be cheaply and expeditiously determined by one.—See Garnett, adm'r, v. Roper, 10 Ala. 842.

2. But upon this point, this case is unlike any other which has ever yet been before this court. The jury did assess the value, but the aggregate value of all the slaves, instead of the value of each separately. The jury having undertaken to assess the value, should have done it correctly. A portion of the slaves may be dead, so that all cannot be delivered up; and if all are not delivered, the bond will be forfeited; and if the bond is forfeited, execution must issue "for the value of the property as assessed by the jury."—Dig. 213, § 64. Claimant then must deliver all or none, when the statute secures to him the right to deliver all, "or any part thereof." Thus, the court will perceive, that if the assessment of no value would not be an injury, yet the erroneous assessment of value made is an injury.

3. The error last assigned is fatal to the cause and must reverse it. The payment of the costs was not made a condition precedent to the granting of the new trial. The words, "upon the payment of the costs," had no other effect than to impose upon the claimants an obligation to pay the costs, which might have been enforced by attachment, or the issuance of an execution."—Dana v. Gill, 5 J. J. Mar. 242; Johnson v. Taylor, 3 S. & M. 92; Supplement U. S. Dig. vol. 2, p. 432, § 67. The new trial having been awarded at one term, the court at a subsequent term had no power to set aside the order granting it.

On the error last assigned, the cases of Dana v. Gill, 5 J. J. Mar. 242, and Johnson v. Taylor, 3 S. & M., are in point and decisive.

SAFFOLD, *contra:*

1. As to the assignment, that the separate value of each piece of property, or each slave, should have been assessed by the jury, the Supreme Court have already decided that point.—Hardy et als. v. Gascoignes & Holly, 6 Port. 447; Burnet et als. v. Maxey, 9 Port. 410; Lee v. Bryan, 3 Ala. 278. The separate value of each slave was proper for the benefit of plaintiff in execution, but it was for the benefit of defendant that no separate value should be assessed. The truth was, the plaintiffs did not care to have the separate value assessed, as the judgment for cost and the 10 per cent. damages was all they wanted. The balance had been made out of other persons, parties to the execution.

2. As to the assignment of error, that the cause should have been tried *de novo*, without the condition on which a new trial was granted being complied with, such a construction of the order would have amounted to a permission for a new trial without any terms at all. The claimants were non-residents. They had already at the previous term failed to pay up the cost within four months, imposed as a condition precedent to their litigating the claim, which was all-important if their claim was *bona fide.* They fail to pay the cost, and a judgment goes against them at the next term, and a new trial is ordered on condition that they pay up all the cost. They take till the next term to pay the cost, the term arrives, the cost is not paid, and the court makes another order permitting plaintiffs in execution to proceed on their judgment. What other course could have been pursued to give effect to the orders of the court? The cost should have been paid *instanter*. The Circuit Court certainly had a right to construe its own previous order and to determine what it meant by it.—See Stephenson et al. v. Mansony, 4 Ala. 317. There the order was, " the plaintiff is hereby required to remit the one thousand dollars damages assessed by the jury, or a new trial is granted by the court on the payment of all cost." The cost was paid in a month after the order was made, and the new trial was the consequence.—See also, Reese v. Billing, 9 Ala. 265. So

in the case now before the court, the order granting a new trial on the payment of all the cost operated as a continuance of the case just as it was when the order was made, until the court should decide by a definitive order the situation of the case; especially if the cost was not paid. At the next term of the court, the cost not having been paid, the court made the definitive order that the plaintiffs were permitted to proceed. The previous order was vacated. This action of the court was also its own interpretation of the previous order, and that was, that claimant should pay the cost without execution. The idea that an execution should have been issued, cannot be sustained. There was no judgment for cost alone; the order had not the effect of an execution. Even if an execution could have been issued, plaintiffs were not bound to rely upon that. It would not reach them in Virginia, and they might also be insolvent. The court intended to place the plaintiffs on safe ground as to the cost. The order cannot be construed to mean anything but the payment of cost as a condition precedent.—4 Ch. Gen. Pr. 88—see Edwards & Lewis, decided June Term, 1850. At least, it can bear that construction, and the presumption of the Supreme Court will be in favor of the judgment below.

3. This order of the court discharging a former order, is not a subject for revision in this court. It was no judgment of the court, but merely a discretionary order which it had a right to set aside, if the claimants did not comply with the conditions.—See Stephenson v. Mansony, 4 Ala. 317.

CHILTON, J.—The first objection insisted on is, that the jury found the aggregate value of the slaves, instead of the separate value of each slave, as the statute requires. It is well settled, that if they had assessed *no value*, this would not have constituted an error of which the claimants could have availed themselves.—Hardy et al. v. Gascoignes & Holly, 6 Port. 447; Burnett, Wilroy & Co. v. Maxey, 9 ib. 410. That the jury have assessed the value in a manner not recognized by the statute, cannot place the plaintiff in execution in a worse condition than if they had assessed no value, and the most that can be said of this portion of their verdict is, that it was without any legal warrant, and wholly nugatory, and would not justify the court in basing any subsequent proceeding upon that portion of

it which must be treated as surplusage.   In other respects it is quite formal, and fully authorizes the judgment which was rendered.—See Lee v. Bryan, 3 Ala. 278.

2. The only remaining question is, must we regard the order setting aside the judgment and granting a new trial "upon the payment of all the cost which had accrued in said cause" from the commencement up to the day the order was made, as vacating the judgment absolutely or conditionally.

The cases cited by the counsel for the plaintiff in error certainly sustain his view, that the language here employed, "upon the payment of the cost," has no other effect than to impose on the claimants an obligation to pay the cost, which might have been enforced by attachment or execution.   But we think that the previous decisions of this court would not justify us in placing this construction upon the language, nor do we regard it a correct exposition of the language of the order.   The granting of a new trial *upon* the payment of all cost, is manifestly to make the grant conditional, or dependent upon the payment.

In Stephenson et al. v. Mansony, 4 Ala. 317, it was held that the court trying the cause may annex, as a condition on which a new trial is granted, that the party asking for it pay costs, or that it be granted unless the plaintiff remit damages.   The court in that case ordered upon a motion for a new trial, that "the plaintiff is hereby required to remit the $1,000 damages assessed by the jury, or a new trial is granted by the court on the payment of all cost."   The cost having been paid in vacation, a short time after the adjournment of the court, at the second term thereafter the plaintiff moved to release the damages and to strike the cause from the docket, but the court held that the cost was paid in due time, and the failure to enter the release by the plaintiff had the effect when coupled with such payment by the defendant, to re-instate the cause.   So in Reese v. Billing, 9 Ala. 265, an order was granted setting aside a nonsuit, "if the plaintiff pay the cost by the next term," &c.   This court said, that by setting aside the nonsuit on the terms indicated, the cause was necessarily continued until the succeeding court should declare by a definitive order, whether the costs were paid, and the condition of the cause.   As to the right to continue such motions, see Walker v. Hale, 16 Ala. 26.

The effect of the subsequent judgment was merely to deter-

mine that the condition upon which the new trial was awarded
had not been complied with, and to disallow the motion, thereby
giving to the judgment previously rendered its full effect. In
our opinion, the court committed no error for which the plaintiff
in error can complain, and the judgment is consequently affirmed.