---

## Ex Parte LOWE.

1. When a new trial is granted to the defendant "on the payment of all the costs of suit," the order is not an *absolute,* but a *conditional* grant of a new trial, and its effect is to keep the cause in court *sub judice* until the next term.

2. And if the costs are paid during vacation, or before the cause is called up for action by the court at the next succeeding term, the condition is complied with, and the effect of such a payment is to place the cause on the docket for trial.

3. When a cause is improperly stricken from the docket, *mandamus* is the remedy to procure it to be reinstated.

Motion for a *mandamus* against the Circuit Judge of the eighth judicial circuit.

Ex Parte Lowe.

MARTIN & BALDWIN, for the motion.

1. The order granting a new trial on payment of cost was an absolute grant of a new trial. Wheatly v. Price, 3. J. J. Marsh. 169; Dana v. Gill, 5 J. J. Marshall, 243; Johnson v. Taylor & Reed, 3 Smedes & Mar. 99; Reese v. Billing, 9 Ala. Rep. 263; Stephenson v. Mansony, 4 Ala. Rep. 317; Whitaker v. Sanford, 13 Ala. Rep. 522; Lyon v. Long, 6 Ala. Rep. 103. Cost could not be paid before it was taxed, and in many instances it could not be taxed during the term of the court. Southerland v. Sheffield, 2 Wend. 293.

2. A *mandamus* is the proper means of obtaining relief. Stephenson v. Mansony, 4 Ala. Rep. 318.

N. HARRIS and H. C. SEMPLE, *contra*.

1. The judgment was once in force, and unless expressly opened or annulled *during the term*, must continue in force until reversed by a superior tribunal.

2. The order that a new trial be granted was clearly conditional, and the condition a *condition precedent*. See Sands v. McLellan, 6 Cow. 582; Somers v. Sloan, 3 Harrison, (New J. R.) 46, *overruling* Gilliland v. Rapplea, 3 Green. 139; Rixey v. Ward, 3 Randolph, 52; Moberly v. Davar, 5 Blackford, (Ind. R.) 409; Jackson v. Eddy, 2 Cowen, 598, 600; Dodsley v. Lady Hamilton, 5 Taunt. 1, where it said that wherever a *favor* is granted on terms, performance is a condition precedent.

3. It may be said that the condition was impossible, as it extended beyond the term. If so, the right could now vest. See authorities cited in Parsons's opinion in Edwards v. Lewis, 18 Ala. 494; Bacon's Ab. Vol. 1, title condition, M. page 650; Taylor v. Bullen, 6 Cowen, 624 7; Wood v. Worsley, 2 H. Blackstone, 574; and note (a) same case, page 582; and 6 Durnford & East. 710.

4. Some cases are cited, one from Miss. recognizing one in 5 J. J. Marshall, where it is stated that such an order is not conditional, but that the party has a right to his costs, which may be enforced by attachment or execution. This is denied in the English cases, and in a case in Cowen, where it said that the order is a favor to the party applying for it, and his acceptance of it with the condition *depends on his own vo-*

*lition.* See Hand v. Lady Dinely, 2 Strange, 1220; Stokes v.Woodson, 7 Sum. R. 6; Note to Jackson v. Eddy, 2 Cowen, 600; Fricker v. Eastman, 11 East., 319.

5. If the order required the payment of costs, within the term, then the judgment was in force at the conclusion of the term, and the defendant Lowe would not be bound for any costs, afterwards accrued, because, the case was *at an end.* And the party would have a right to prepare for trial, if he chose to do so, as the defendant would not be prejudiced by his doing so.

6. The understanding among the lawyers of Montgomery, as to the practice on such orders, would be evidence for the defence in case of a suit by the client against his attorney, for *negligence*, but is no evidence of the *law.*

DARGAN, C. J.—Benjamin P. Hunter brought an action on the case against Lowe, in the Circuit Court of Montgomery, and at the Fall term, 1850, obtained a verdict and judgment for $180 54-100. During the same term Lowe, the defendant, moved the court for a new trial, and the motion coming on to be heard, the following order was made: "Came the parties by their attorneys, and the defendant moves the court for a new trial, on the ground that the verdict was contrary to law and without evidence; which motion being heard and understood by the court, it is considered that a new trial be granted the defendant, on the payment of all the costs of suit." The defendant did not pay the costs until the first day of the next succeeding term, when they were paid, and afterwards at the same term, the plaintiff moved the court to strike the case from the docket, because the costs had not been paid during the previous term, at which the order was made. On the trial of this motion, it appeared that the plaintiff had examined a witness by deposition, in the vacation between the two terms, and that he had been cross-examined by the defendant. The defendant also examined several members of the bar, who testified that the usual interpretation put upon such orders was, that the cost should be paid by the next succeeding term. The court, however, granted the motion, and made the judgment absolute, to which the defendant excepted, and now moves the court for a *mandamus* to compel

the Circuit Court to reinstate the cause on the docket, and proceed with the new trial.

Whether we should grant the writ depends on the proper construction of the order made at the Fall term, 1851. We cannot yield our assent to the proposition that this order was an absolute grant of a new trial. It is beyond doubt certain, that the presiding Judge did not intend to grant a new trial unconditionally; if he had, no condition would have been attached to the grant. It is therefore a grant of a new trial upon condition, and this condition was that the defendant pay all the costs of the suit. Had he then paid all costs that had accrued, the condition would have been performed. But he did not pay the costs until the next succeeding term. Was this a compliance with the condition? The well-settled rule is, that when the act constituting the condition is the payment of money, but the time when it is to be paid is not specified, then the money is to be paid within convenient time. Bacon Abr. Vol. 2, title, condition, 324; Carter v. Carter, 14 Pick. 424; Roberts v. Beattie, 2 Penn. 63. What is a convenient or reasonable time, must be ascertained by the circumstances of each particular case, unless in a particular class of cases the law has settled what shall be so considered; and we think that what is to be considered reasonable time in the case before us has been settled by the previous decisions of this court. In the case of Willis & Co. v. The Planters' and Merchants' Bank of Mobile, decided at the last term, (19 Ala. 141) the question arose upon an order setting aside a judgment, and granting a new trial, "upon condition that the defendant pay all the cost" that had accrued in the cause. The costs had not been paid, and at the next term, an order was made discharging the order of the previous term, and authorizing the plaintiff to proceed to enforce his judgment. We held, in conformity with the practice as indicated by our previous decisions, that such an order did not absolutely vacate the judgment, but its effect was to continue the cause in court until at the next term it was ascertained whether the condition was performed. To the same effect are the cases of Mansony v. Stephenson, 4 Ala. 317; Reese v. Billings, 9 Ala. 265. These decisions establish the practice, that such an order as the one before us may be complied with at, or by, the next succeed-

ing term, or even when the cause is called up for action by the court, and its effect is to keep the cause in court *sub judice*, until that time. That such is the best practice that could have been adopted, no one will pretend; but it has existed for a considerable time, and has received the sanction of this court. We cannot, therefore, depart from it. It may not, however, be improper to remark, that the Circuit Courts should never grant new trials upon conditions to be performed in vacation, or at the next succeeding term; for the effect of such orders is to keep the judgment suspended until the next term, and if the defendant then declines to perform the condition, he may do so, but in the mean time he has gained a term, and the plaintiff, when he gets rid of the motion, may often discover that he has lost the opportunity of collecting his debt. The new trial ought to be granted absolutely, or not at all. We, however, must adhere to the practice which we have sanctioned, and consequently hold that the payment of the costs, on the first day of the next succeeding term after the order was made, was a payment within a reasonable time, and that the effect of such a payment when made, was to place the cause on the docket for trial. The court, therefore, erred in striking it off, and the writ of *mandamus* is the proper remedy to have it reinstated. See Mansony v. Stephenson, *supra*. It is not, however, usual to grant the writ in the first instance, but a rule to show cause why it should not be granted.

Let the rule be entered.