## EX PARTE BEAVERS.

[APPLICATION FOR MANDAMUS TO STRIKE CAUSE FROM DOCKET.]

1. *Rule of construction of judgments and orders of court.*—The general rule of construction, applicable to statutes, contracts and wills, which requires that effect should, if possible, be given to every word and clause, applies with peculiar force to the judgments and orders of courts of record.
2. *Construction of order granting new trial.*—On motion for a new trial, an order in these words, viz., "It is considered that said motion be granted, upon the payment of all the costs in the case, and the costs of this motion, within ninety days; for which let execution issue,"—is an absolute, unconditional grant of a new trial.

APPLICATION for a *mandamus* to the circuit court of Talladega, Hon. ROBT. DOUGHERTY presiding, to compel

that court to strike from its docket a cause wherein Graham Beavers, the petitioner, was plaintiff, and John T. Hardie & Co. were defendants. The facts on which the application was predicated, as shown by the accompanying transcript, are these: At the November term, 1857, a judgment on verdict was rendered in said cause for the plaintiff. On a subsequent day of the term, the defendants submitted a motion for a new trial; whereupon an order was made by the court, in the following words: "It is considered that said motion be granted, upon the payment of all the costs of the case, and the costs of this motion, within ninety days; for which let execution issue." When the cause was called at the next term of the court, "the plaintiff suggested to the court that the case had been finally disposed of at the last term;" and also moved to strike the cause from the docket, "because the costs had not been paid within the time prescribed by the former order of the court;" and, in support of his motion and suggestion, produced and read from the record the judgment rendered at the previous term, and the order above set out; "insisting that said order was null and void, at least after the close of the term at which it was made, and that the terms on which said order was granted had not been complied with within the prescribed time." The defendants then proved, by the clerk of the court, an agreement between him and their attorney relative to the payment of the costs; which agreement the court considered equivalent to an actual payment of the costs, and therefore overruled the plaintiff's motion; to which ruling the plaintiff excepted, and on which he founds his present application.

JAS. B. MARTIN, and B. T. POPE, for the motion.
PARSONS & J. WHITE, contra.

WALKER, J.—In reference to the motion for a new trial, the order was as follows: "It is considered that said motion be granted, upon the payment of all the costs in this case, and the costs of this motion, within ninety days, *for which let execution issue.*" If the words

italicized had been omitted, the order would have prescribed the payment of the specified costs as a condition precedent to the grant of a new trial. The effect of such an order as this would be, without the words "for which let execution issue," is settled in this State by the decisions in the cases of *Ex parte* Lowe, 20 Ala. 330; and Willis v. Planters' & Merchants' Bank of Mobile, 19 Ala. 141. See, also, Edwards v. Lewis, 18 Ala. 494; Walker v. Hale, 16 Ala. 26; Reese v. Billing, 9 Ala. 260; Stephens v. Brodnax & Newton, 5 Ala. 258; Stephenson v. Mansony, 4 Ala. 317.

In the presence of the words directing the issue of execution, this order differs from all the others which have been held to prescribe a condition precedent. It is a cardinal rule in the construction of statutes, deeds, wills and other instruments, to give effect, if possible, to all their parts.—Miller and Wife v. Flournoy's Heirs, 26 Ala. 724; Gibson v. Land, 27 Ala. 117; Petty v. Booth, 19 Ala. 633; Smith on Stat. 646, § 501; 1 Black. Com. 89. Blackstone's statement of the principle of construction is, that one part of a statute must be so construed by another, that the whole may, if possible, stand; *ut res magis valeat, quam pereat.* In the contemplation of this rule, a clause may, for the sake of allowing effect to some other part of the same instrument, receive a construction different from that which would have been adopted, if it had stood alone. Otherwise, the rule would be vain and useless.

If the principle of construction, which we have announced, be correct in reference to statutes, contracts, and wills, it is applicable with peculiar force to the judgments and orders of courts of record, which must be supposed to act with great solemnity and deliberation. That would, indeed, be a violent presumption, which would attribute to such tribunals a want of design in any of the parts of their solemn judgments, or the absurdity of inserting irreconcilably conflicting judicial commands in the same entry. The order now before us must, therefore, if possible, receive such a construction, that all its parts may stand and have a meaning.

The order that a new trial be granted upon the payment

of the specified costs, would, under our decision, make a compliance with the condition by the payment of the costs optional with the party. The condition of such an order would be one for his benefit, which he might accept or waive.—Walker v. Hale, 16 Ala. 27; Stephenson v. Brodnax & Newton, 5 Ala. 258. No execution could issue upon such an order. Process could not issue to compel the performance of an act which is optional. If, then, the order is understood as granting a new trial upon condition precedent, the court, in directing the issue of an execution, has done that which was wrong, and commanded that to be done which cannot be done consistently with the antecedent part of the order.

It is manifest that the order for the issue of execution can have no effect, if the grant of new trial was conditional. We find the latter as well as the former clause in the order. The record of the court announces the one as well as the other. Are we to discriminate between the two, and say that the former must stand, and the latter be rejected? that we are to regard the former as the sole exponent of the meaning of the court, and that the court meant nothing in directing its clerk to issue execution? We are certainly not to do so, if the two clauses may be so construed that they may stand together.

The language of the order, that a new trial "be granted upon the payment of all the costs," has, in other States, been understood not to import a condition precedent, as is admitted by the opinion in Willis v. Pl. & M. Bank, supra.—Gilliland v. Rappleyea, 3 Green, (N. J.) 138; Johnson v. Taylor, Reed & Co., 3 S. & M. 92. By understanding the court, in ordering the new trial upon the payment of the costs, to state the terms upon which it was then granted, an effect is allowed to every part of the order, and no greater liberty is taken in the construction of the language than is permissible in order to avoid a total exclusion of a part of the order. Effect is allowed to the prescribing of ninety days, as the time within which the costs were to be paid, by regarding the order as directing the expiration of ninety days as the time at which the payment of costs might be coerced.

Because we regard the order as an unconditional grant of a new trial, we overrule the motion for a *mandamus*, at the costs of the petitioner.