## THOMPSON *v.* DAVISON & FARGO.

An exception to a judgment granting a new trial unless the prevailing party complies with a specified condition will not be considered by this court when the plaintiff in error makes it appear on the argument here that, because of the failure of the opposite party to avail himself of the condition, a new trial must actually result.

Submitted March 21, — Decided April 20, 1899.

Practice in Supreme Court.

*P. B. Johnson* and *E. P. Davis*, for plaintiff in error.
*Thomas E. Watson* and *James Whitehead*, contra.

LUMPKIN, P. J.  On the trial of an action brought by Davison & Fargo against John Thompson, there was a verdict for the plaintiffs. The defendant filed a motion for a new trial, upon the hearing of which it was adjudged that a new trial be granted unless the plaintiffs should, within thirty days, write

·off a specified amount of their recovery, and in the event of their so doing, that a new trial be denied. It does not appear from the record whether the plaintiffs did or did not comply with the condition above named. The defendant sued out a bill of exceptions, alleging that the court erred in not granting a new trial unconditionally. In the brief of his counsel, filed in this .court, we find the following: "In looking over the papers, I notice the amount specified by Judge Reese to be written off the verdict was never written off. Brother Whitehead said he would do it, and, had he lived, he would have ·done so. On his statement I considered it in effect written off. I am willing to consider it written off, provided attorneys for defendants in error agree to do so and do so write it off." From this admission it appears that, as no portion of the verdict was .actually written off within the time limited, the plaintiff in ·error stands in precisely the same position he would have occupied had the court granted a new trial unconditionally, in which event he would have had no right to bring the case here. We shall, therefore, not attempt to deal with any of the questions made in the motion for a new trial, but will dismiss the writ of error, without prejudice to the rights of either party as fixed by the judgment of the court below.

*Writ of error dismissed. All the Justices concurring.*