## THOMPSON *v.* DAVISON & FARGO.

When at the hearing in vacation of a motion for a new trial an order is passed granting a new trial unless the plaintiffs will, within thirty days, write off a certain amount from the verdict, and this is not done within the time named, a new trial in the case results, and the court has no authority, at a term subsequently held, to pass an order allowing the plaintiff to write off the amount nunc pro tunc. The above is true notwithstanding counsel for both parties were under the impression that there had been an actual writing off, and each had acted on this supposition.

Submitted March 2, — Decided March 27, 1901.

Motion for new trial. Before Judge Reese. Warren superior court. April term, 1900.

*P. B. Johnson* and *E. P. Davis,* for plaintiff in error.
*Thomas E. Watson* and *James K. Hines,* contra.

COBB, J.    Davison & Fargo sued Thompson in the superior court
of Warren county.    At the April term, 1898, of that court the case
was tried and resulted in a verdict in favor of plaintiffs for $805
principal, and $15.05 interest to April 23, 1898.    A motion for a
new trial was filed in due time by the defendant, and by an order
passed in term it was provided that the motion should be heard in
vacation on June 20, 1898.    The hearing of the motion was for
different causes duly and legally continued until August 30, 1898,
when the same was heard, and the judge passed the following or-
der:    "This motion for a new trial came on to be heard under an
order taken at the regular April term, 1898, of Warren superior
court, and subsequent agreement of counsel.    Now, after carefully
considering the same, it is ordered, adjudged, and considered that a
new trial be granted and the verdict and the judgment be set aside,
unless the plaintiff, within thirty days, writes off said verdict and
judgment all except six hundred and eighty-three dollars and twenty-
six cents principal, and fifteen dollars and five cents interest to
April 23d, 1898, in which last-named event the motion for new trial
is refused and a new trial denied."    To this order the defendant
excepted and brought the case to this court.    *Thompson* v. *Davison*,
107 *Ga.* 238.    On April 20, 1899, the writ of error was dismissed
it being held that "An exception to a judgment granting a new trial
unless the prevailing party complies with a specified condition will
not be considered by this court when the plaintiff in error makes it
appear on the argument here that, because of the failure of the op-
posite party to avail himself of the condition, a new trial must ac-
tually result."    At the October term, 1899, of the superior court
the remittitur was filed, and the judgment of this court was made
the judgment of the superior court.    The "case was continued on
the docket of the superior court" until the April term, 1900, when
it was called for trial, and the plaintiffs filed a "petition asking the
court to permit them to write off the verdict as required by the
judge's order in passing upon the motion nunc pro tunc."    The
court overruled a demurrer to this petition, and proceeded to hear
testimony on what was the agreement between counsel as to the
matter of complying with the judge's order in reference to writing
off a portion of the verdict.    The evidence thus introduced clearly
establishes that counsel for plaintiffs had determined to write off
from the verdict the amount specified in the judge's order, in order to

prevent the granting of a new trial, and that it was supposed that there had been an actual writing off by one of the counsel, who is now dead. That there never was any writing off clearly appears, but the evidence shows that counsel for the defendant was informed of the intention of counsel for plaintiffs in reference to the determination to write off the verdict, and at one time thought that such writing off had actually taken place. The bill of exceptions above referred to was sued out under this impression, and counsel for both parties acted on the assumption that this was a fact. Not until counsel for defendant began to prepare his argument in this court did he discover that nothing had been written off from the verdict, and this fact was suggested in his brief in the language quoted in the opinion in the case above referred to (107 *Ga.* 239), which was as follows: " In looking over the papers, I notice the amount specified by Judge Reese to be written off the verdict was never written off. Brother Whitehead said he would do it, and, had he lived, he would have done so. On his statement I considered it in effect written off. I am willing to consider it written off, provided attorneys for defendants in error agree to do so and do so write it off." The court passed an order allowing the plaintiffs to write off the verdict nunc pro tunc, the order providing "that defendant's counsel have the same rights to except now as he had then to all the alleged errors committed on the former trial of the case." To this order, so far as it allowed the plaintiffs to write off from the verdict nunc pro tunc, the defendant excepted.

We think the court erred. The order passed in vacation distinctly declared that the plaintiffs must exercise the right to write off within thirty days, and there was no power in the court, at a term subsequently held, to extend this time. The court in its order says "that in the filing of said bill of exceptions before said time had expired there was an agreement between counsel for plaintiff and counsel for defendant, whereby the plaintiffs were misled into permitting the time limit to expire, which they would not have done but for said waiver on the part of defendant's counsel." There is no pretense that there was an agreement in writing between counsel that the verdict should be treated as written off in conformity to the order of the judge, and counsel for defendant distinctly denies that there was any agreement whatever to that effect. Civil Code, § 5651. Allowing the plaintiffs to write off from the verdict at the

time when the judge permitted it to be done would work a very great hardship to the defendant, for the result would be that the motion for a new trial would stand overruled and the defendant would have no right to except thereto, notwithstanding the judge attempted to preserve this right in the order, which he had no right to do. A hardship may result in requiring the plaintiffs to submit to another trial of the case, but it is simply the consequence of their failure to comply with the order of the judge within the time fixed. It was incumbent upon them, not only to determine what they would do within the thirty days, but it was their imperative duty to file with the clerk within that time a written renunciation of that part of the verdict referred to in the judge's order, if that was their determination. Their conduct in this regard was not to be at all governed by anything done by the opposite party. On the other hand the conduct of the opposite party was to be largely governed by what was done by plaintiffs. It was ruled, when the case was here before, that when the plaintiffs had not complied with the order within the time limited, there was no right of exception in the defendant, for the simple reason that a new trial had resulted in his favor and he had nothing to complain of. When in a case like the present the person in whose favor the verdict is rendered delays determining whether he will write off the verdict or submit to the grant of a new trial until the usual time for excepting (dating from the judge's order) has expired, what would be the rights of the opposite party in reference to excepting is not required to be decided on the present record.

*Judgment reversed. All the Justices concurring.*