SAMUEL S. DUNNING, TRUSTEE, *vs.* FREDERICK B. CROFUTT.

Third Judicial District, New Haven, June Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

In the absence of facts varying the general rule, title to the offspring of a female animal follows that of the dam.

Where an action of replevin was brought to determine the title to a mare, three of her colts, and other personal property, the jury found in favor of the defendant as to the mare, upon proper and sufficient evidence, and found in favor of the plaintiff as to the colts and the other property, and there was no evidence showing the title to the colts to be different from that to the mare, so much of the verdict as relates to the colts should be set aside.

The power of a trial court to set aside a verdict which is against the evidence, and to grant a new trial, is not limited to cases where the entire verdict is against the evidence.

The practice of ordering a new trial of an entire case, unless that part which is erroneously included in the judgment or verdict shall be remitted or surrendered, is established in this State as one beneficial to both parties to the action.

It is therefore proper for the trial judge, in an action of replevin, if the jury has found a verdict in favor of the plaintiff which is against the evidence as to a part of the property included, to order a new

trial unless the plaintiff shall surrender to the defendant the property affected by such error.

Argued June 2d—decided August 3d, 1908.

ACTION of replevin for four horses and certain farm products, brought to the Superior Court in Fairfield County and tried to the jury before *George W. Wheeler, J.;* verdict that the plaintiff retain a part and return a part of the goods replevied, which the court, upon defendant's motion, set aside, upon plaintiff's failure to surrender, at the suggestion of the court, the possession of certain of the goods awarded to him by the verdict, and appeal by plaintiff. *No error.*

*Howard W. Taylor,* for the appellant (plaintiff).

*Samuel A. Davis,* for the appellee (defendant).

HALL, J.   The officer serving the writ replevied to the plaintiff one gray mare, three colts, and a quantity of hay, corn and tobacco.   The verdict was for the plaintiff for all said property except the gray mare, which was by the verdict directed to be returned to the defendant.

The defendant having filed a motion that the verdict be set aside and a new trial granted, upon the ground that the verdict was against the evidence, the trial judge filed with the clerk this writing : " The within motion may be granted unless plaintiff shall give up to defendant the possession of the bay colt, the gray colt and the sucking colt described in the verdict, and file notice of his so doing within one week from date."

The plaintiff having failed to file such notice the verdict was set aside, and upon the plaintiff's appeal and motion all the evidence was certified to this court.

The two questions presented by the appeal are whether the court erred:  (1) in deciding that the verdict awarding the three colts to the plaintiff was against the evidence ; and (2) in setting aside the entire verdict when only that

part of the verdict relating to the ownership of the three colts was found to be against the evidence.

All the property described in the writ was, shortly before the commencement of this action in 1906, attached by the defendant officer as the property of William W. Foote, in an action in favor of Edward E. Harrison against said William W. Foote. Regarding the ownership of said property at the time of such attachment the evidence discloses these facts :—

Sherman Foote, the father-in-law of the plaintiff and the father of William W. Foote, died in 1888. By his will he left all his estate to the plaintiff with power to sell and invest the same and the income thereof, " but upon the following trusts, namely : . . .

" Fourth. In his discretion, to devote from time to time, the income arising from all the lands I possess, lying east of Brookfield Center, with the buildings thereon, [which land includes the farm upon which the goods replevied were attached by the defendant] and all the stock and implements belonging thereto, for the support and maintenance of my son, William W. Foote. Should my said son, William W. Foote, desire to live on that farm, he is to be allowed to do so, accounting to my said trustee for the income from said farm. My said trustee is also empowered to transfer the said farm to my said son, with all the stock and implements thereon, whenever the said trustee shall deem it proper or advisable to do so."

The plaintiff has never filed any account as trustee of said farm, or the income or proceeds thereof, nor has he kept any account of the same, or had any accounting with said William W. Foote. Since more than ten years before the commencement of this action he has received none of the income or proceeds of the farm, and has practically turned the farm over to William W. Foote, under an arrangement by which one Swanson has worked the farm on shares, paying over to William W. Foote, by direction of the plaintiff, one half the proceeds. The property when attached as aforesaid was on said farm under said arrange-

ment. Without repeating here the evidence before us regarding the purchase of the gray mare and the payment of the expense of getting her colts, it is sufficient to say of it, that we deem it ample to sustain the conclusion manifestly reached by the jury in ordering the gray mare returned to the defendant, that she was not purchased by the plaintiff; that he had no interest whatever in her, but that she was bought and placed upon the farm by William W. Foote; and that the question of the title to the mare having been thus settled, by the verdict, and, evidently, in the only manner thought by the trial judge to be justifiable upon the evidence, it followed, in the absence of evidence showing that any other than the general rule should be applied, that the ownership of the dam carried the title to the three colts which were conceded to be her offspring. 2 Amer. & Eng. Ency. of Law (2d Ed.), 348. The trial court, therefore, committed no error in holding that the verdict awarding the three colts to the plaintiff was against the evidence.

The order setting aside the entire verdict was not rendered erroneous by the fact that a part of it was supported by the evidence. The power of a trial court to set aside a verdict which is against the evidence and to grant a new trial, is not limited to cases where the entire verdict is against the evidence. Whether, when several issues are presented by the pleadings, a trial court may set aside a verdict as against the evidence and grant a new trial as to one issue only, as may be done by this court under § 803 of the General Statutes, we have no occasion to decide, since in this case but one issue regarding the ownership of all the property replevied is raised by the pleadings. The practice of ordering a new trial of the entire case, unless that part which is found to have been erroneously included in the judgment or verdict shall be remitted or surrendered, has been sanctioned in this State as one beneficial to both parties to an action. *Noxon* v. *Remington*, 78 Conn. 296, 61 Atl. 963.

But the plaintiff has no good ground to complain because he must retry the question of the ownership of prop-

erty which the jury has properly found belonged to him. He could have avoided such retrial if he had surrendered that which the jury unlawfully awarded to him. To secure a further opportunity of contesting the question of ownership of the colts he was willing to risk the expense and uncertain result of a new trial of the entire case.

There is no error.

In this opinion the other judges concurred.