Petitioner on November 3, 1932, recovered in the Jefferson circuit court a judgment against the city of Birmingham in the sum of $5,000. On November 17, 1932, the defendant filed motion for a new trial, which was duly presented to the special presiding judge, and by him continued to December 10, 1932, upon which date the motion was submitted by agreement of counsel on written briefs and taken under advisement. Thereafter, on January 14, 1933, the presiding judge entered in said cause the following order:
"On this the 14th day of January, 1933, came the parties by their attorneys, and this motion having been submitted to the court, and the same having been fully considered and understood by the court and the court being of opinion that the 4th ground of the motion for new trial is well taken, whereupon
"It is ordered and adjudged by the court that this motion be and the same is hereby granted, unless within ten days from this date plaintiff shall file in this court an instrument remitting all damages in excess of $2500.00, and agreeing to a reduction of the judgment to $2500.00; and it is further ordered and adjudged by the court that in the event plaintiff shall file such paper within ten days said motion shall be and is hereby overruled."
Petitioner filed no remittitur, and no further order was entered in the cause during the term, which expired in June, 1933.
There were subsequent orders entered showing a conflict of views as to the effect of the order above noted between the special judge and one of the circuit judges of Jefferson county, and in the order last entered the special judge was of the opinion the cause stood for trial and should be reset upon the docket.
The writ of mandamus is an extraordinary legal remedy which is only to be granted when there is a clear specific legal right shown, for the enforcement of which there is no other adequate remedy. Brody v. Armstrong, 205 Ala. 263, 87 So. 798.
The result here, therefore, turns upon the validity and effect of the order for new trial above set out, and, if thereunder the cause stands for retrial, all other orders become of no controlling importance and need no specific treatment.
The argument of petitioner appears to proceed upon the theory that the conditional feature of the order destroys its effectiveness as a ruling on the motion for a new trial. But conditional orders of this character have been very generally approved (46 Corpus Juris, 418, 419), and the decisions are to the effect that, upon failure of the person given the election to comply with the conditions imposed, the order becomes absolute. 46 Corpus Juris, 419 and 435; Swanson v. Andrus,84 Minn. 168, 87 N.W. 363, 88 N.W. 252; Dunning v. Crofutt,81 Conn. 101, 70 A. 630, 14 Ann. Cas. 337; Bonelli v. Jones,26 Nev. 176, 65 P. 374; Barnett v. Gottlieb, 105 S.C. 67,89 S.E. 641; Thompson v. Davison Fargo, 113 Ga. 109, 38 S.E. 306; Bailey v. Dibbrell Min. Co., 183 N.C. 525, 112 S.E. 29; Swett v. Gray, 141 Cal. 63, 74 P. 439; Taber v. Bailey, 22 Cal.App. 617,135 P. 975.
And in Swanson v. Andrus, supra, such an order as here involved was considered as an *Page 234 
appealable order. The opinion contains a full discussion of the question and the correct practice to be followed. So a like order was considered appealable in Swett v. Gray and Thompson v. Davison Fargo, supra. In the Swett Case, supra, the holding was that plaintiff's appeal constituted a refusal on his part to remit the damages. 46 Corpus Juris, 432.
But resort to decisions elsewhere is unnecessary, as we consider the question as having been in effect determined in the early history of this court by the case of Stephenson v. Mansony, 4 Ala. 317. The holding of the court appears to be sufficiently set forth in the second headnote (4 Ala. 317), as follows: "Upon a motion for a new trial submitted by the defendants, the Court made the following order: 'The plaintiff is hereby required to remit the one thousand dollars damages assessed by the jury, or a new trial is granted by the Court, on the payment of all costs.' In a short time after the Court had adjourned for the term, the defendants paid the costs. At the second term thereafter, the plaintiff moved to strike the cause from the docket, upon his releasing damages — Held, that the costs were paid in due time, but the plaintiff should have elected to enter a remittitur at an earlier day, and the cause could not now be dismissed."
And in the preliminary discussion of the question the court observed:
"It is a right incidental to all Courts invested with the jurisdiction to hear and determine causes, to grant new trials so as to promote justice.
"This power, though guided by certain rules which have been laid down from time to time, must, of necessity, be to a great extent discretional. An order for this purpose may be either absolute or unqualified, or may be conditional and impose upon the party asking it the performance of some act, or to prevent a new trial it may require the party against whom the motion is made to renounce at his election, some advantage he has gained. This being the case it will follow that the order first made by the Circuit Court was entirely regular."
The Stephenson Case, supra, has been often cited in subsequent decisions, among them Willis Co. v. Planters' 
Merchants' Bank, 19 Ala. 141, where in the opinion is to be found the following comments here pertinent: "In Stephenson et al. v. Mansony, 4 Ala. 317, it was held that the court trying the cause may annex, as a condition on which a new trial is granted, that the party asking for it pay costs, or that it be granted unless the plaintiff remit damages. The court in that case ordered upon a motion for a new trial, that 'the plaintiff is hereby required to remit the $1,000 damages assessed by the jury, or a new trial is granted by the court on the payment of all cost.' The cost having been paid in vacation, a short time after the adjournment of the court, at the second term thereafter the plaintiff moved to release the damages and to strike the cause from the docket, but the court held that the cost was paid in due time, and the failure to enter the release by the plaintiff had the effect when coupled with such payment by the defendant, to re-instate the cause. So in Reese v. Billing, 9 Ala. 265, an order was granted setting aside a nonsuit, 'if the plaintiff pay the cost by the next term,' etc. This court said, that by setting aside the nonsuit on the terms indicated, the cause was necessarily continued until the succeeding court should declare by a definitive order, whether the costs were paid, and the condition of the cause."
Other cases noted are Ex parte Lowe, 20 Ala. 330; Ex parte Beavers, 34 Ala. 71; Davis v. McColloch, 191 Ala. 520,67 So. 701; Central of Ga. R. Co. v. Steverson, 3 Ala. App. 313,57 So. 494; Birmingham Water Works Co. v. Bailey, 5 Ala. App. 474,59 So. 338.
Petitioner insists that, under Circuit Court Rule 79, which provides that all such motions not acted on or continued by order of the court are to be discharged as of course on the last day of the term, the motion was discontinued, citing Ex parte Highland Ave. Belt. R. Co., 105 Ala. 221, 17 So. 182; Ex parte Adams, 216 Ala. 241, 113 So. 235.
But we think neither the rule nor these authorities are applicable, for here the motion has in fact within due time been acted upon and the motion granted with a condition for its denial in the event plaintiff within the time stipulated elects to perform, and the above-noted excerpt from Willis Co. v. Planters' Merchants' Bank, supra, discloses that, under the character of order there entered, the cause was considered as necessarily continued until the next term. This is emphasized by the following language from the case of Ex parte Lowe,20 Ala. 330: "In the case of Willis Co. v. The Planters' and Merchants' Bank of Mobile, decided at the last term (19 Ala. 141), the question arose upon an order setting aside a judgment, and granting a new trial, 'upon condition that the defendant pay all the cost' that had accrued in the cause. The costs had not been *Page 235 
paid, and at the next term, an order was made discharging the order of the previous term, and authorizing the plaintiff to proceed to enforce his judgment. We held, in conformity with the practice as indicated by our previous decisions, that such an order did not absolutely vacate the judgment, but its effect was to continue the cause in court until at the next term it was ascertained whether the condition was performed. To the same effect are the cases of Stephenson v. Mansony, 4 Ala. 317; Reese v. Billing, 9 Ala. 265. These decisions establish the practice, that such an order as the one before us may be complied with at, or by, the next succeeding term, or even when the cause is called up for action by the court, and its effect is to keep the cause in court sub judice, until that time."
The court in entering the order was in the exercise of an inherent power, and its conditional form, as indicated, had long been approved by this court, and by judicial thought generally. The condition gave to the plaintiff the election of preventing a new trial by complying with the condition. These authorities are to the effect that her silent inaction and the mere lapse of time beyond the term works no discontinuance, but renders the order absolute and effective and the cause still in court sub judice.
And, indeed, there is an indication in the Stephenson Case, supra, that the failure of the plaintiff to release the damages, as specified in the order, may be regarded as an assent by him that the cause be retried, the court saying: "But if the failure of the plaintiff to release the damages at the term when the order was made, cannot be regarded as an assent that the case shall be retried, certainly its reinstatement and continuance without objection at the succeeding term must have that effect."
The authorities relied upon by petitioner (Blankenship v. Hail, 214 Ala. 95, 106 So. 594; Orr v. Stewart, 17 Ala. App. 297,84 So. 555; Lide v. Park, 132 Ala. 222, 31 So. 360; Ex parte Bradshaw, 174 Ala. 243, 57 So. 16; Clements v. Hodgens,210 Ala. 486, 98 So. 467) hold nothing to the contrary.
In the Blankenship Case, supra, the holding was to the effect that the conditional order did not possess such finality as to deprive the court of control over it after the expiration of thirty days, and within the sixty days specified therein; and in the Orr Case, supra, the Court of Appeals held the language of the order looked to future action of the court, and was not to be construed as granting the motion so as to authorize an appeal. The court was there considering the matter of finality of the order, so as to support an appeal. In the opinion of the writer, this was a border line decision in view of the case of Ex parte Beavers, 34 Ala. 71, but the orders differed to some extent, and the questions involved were not entirely the same.
In Lide v. Park, supra, the order spoke entirely of the future, and in Clements v. Hodgens, supra, there was no judgment, but merely a docket memorandum entry.
The case of Ex parte Bradshaw, 174 Ala. 243, 57 So. 16, dealt with the statute requiring of nonresidents security for costs, but some of the reasoning of the opinion would seem to sustain the conclusion in the instant case that, at the expiration of ten days allowed plaintiff to enter a remittitur, the conditional order became absolute, and the cause stood for retrial on the docket.
None of these cases, therefore, are found to have considered the exact question here presented, and we think the earlier cases herein cited, beginning with Stephenson v. Mansony, supra, are decisive to the effect that the order entered in this cause was such as to constitute an absolute grant of a new trial upon plaintiff's failure within the prescribed time to exercise her right to prevent such result, and that the expiration of the term of court had no more effect upon the matter of discontinuance than upon any other cause that stood for trial on the court's docket.
As previously noted, conditional orders of this character have met approval as in the furtherance of justice, and, as said by the Connecticut court in Dunning v. Crofutt, supra, the practice has proved "beneficial to both parties."
The order here involved was drawn in a formal manner and emphatically speaks in the present tense, and the election allowed plaintiff in the condition that follows does not destroy its validity or effectiveness. This practice has been by statute extended to this court, and the present order bears close resemblance to those here approved. Gowan v. Wisconsin-Alabama Lumber Co., 215 Ala. 231, 110 So. 31.
We therefore conclude that the petition for writ of mandamus should be denied.
Petition denied.
ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur. *Page 236