Wright, J.
At the February term the court, upon the motion for a new trial, granted, the same “ upon the plaintiffs paying the costs of the present term, within twenty days from .the rising of this court.” The February term then adjourned, and at the subsequent May term the court entered judgment that the verdict stand, and that defendants go hence, etc. Has a court, therefore, the right, after granting an order setting aside a verdict upon payment of costs, to enter judgment upon the same verdict because the costs were not paid ? In other words, can the court make the payment of costs a condition precedent to setting aside the verdict, when the court has already found, and the record shows the existence of facts, requiring that such verdict should be set aside ?
That class of orders which may be said to lie purely within the discretion of the court, may be coupled with, and made dependent upon, the performance of conditions, as in the familiar instances of granting continuances, or the amendment of pleadings. Here it is undoubtedly the-case that payment of costs may be made a condition precedent. When the court has the power to allow or to refuse, it may allow upon terms which it sees fit to impose.
But in these cases, where the duty of the court is definitely pointed out, we apprehend that duty must bé exactly performed.
For a court to say that it will discharge such duty only upon terms, assumes the right of refusal to act if such-terms are not complied with. This can not be correct action in a case where the law has pointed out what is the proper and only course to pursue.
In regard to what is the duty of a court, with reference to granting or refusing a new trial: at common law the application was -to the discretion of the court, and for that reason error could not be assigned to the decision. Beatty v. Hatcher, 18 Ohio St. 120; 2 Gra. & Wat. New Trials, 46.
*583 By the code, section 297, when certain things are found, the law says a new trial “ shall ” be granted.
Code, section 297, provides : “ The verdict . . . shall be vacated and a new trial granted on the application of party aggrieved . . . for following causes.”
The sixth subdivision of this head requires that a new trial shall be granted “ when the verdict ... is not sustained by sufficient evidence.”
The finding of the court puts upon record, that the “ said verdict is against the evidence.” With this fact thus fixed it became the duty of the court to grant a new trial. Even at common law, where it was matter of discretion, it was a legal discretion, an abuse of which was ground of error. As is well said in Dean v. King, 22 Ohio St. 134, “ Motions for new trial, upon the ground that the verdict is against the weight of evidence, are addressed to the discretion of the court, and if granted, the judgment will not be disturbed unless the case is so strong as to show an abuse of the discretion.”
When, therefore, the court had found that the verdict was against evidence, the code providing that in such case a new trial shall be granted, it certainly would have been an abuse of discretion not to do so.
Whether, therefore, it was the strict legal duty of the court to grant a new trial, or whether it was within its discretion to do so or refuse, in either case, here, and under these circumstances, it had but one thing to do, and a refusal to set aside the verdict would have been error.
The duty of the court then being plain, to set aside the verdict and grant a new trial, did it perform that duty by attaching a condition which it construes so as to render its whole action nugatory ? Does the granting of a new trial depend upon the action of the court, or upon the payment of costs by somebody out of court?
The action of the court, here, was construed by it to be conditional. If the costs were paid, the verdict was set aside; if not paid, judgment was to be, and was entered on the verdict! The order that the verdict stand and judg *584 ment upon it, because tbe costs had not been paid, was erroneous.
We do not mean to hold that a new trial may not be granted, with a stipulation for payment of costs. Rut such stipulation is not in the nature of a condition precedent. Whether costs are paid or not paid, the order stands; the new trial is granted; the remaining portion of tbe order is to be enforced, as orders or judgments are usually enforced ; and an execution for costs may be had, which is the proper remedy. Even if such execution were fruitless, it would be an unwise exercise of justice to deprive a man of his legal right to a new trial because he was unable to pay for it. This view is sustained by the following authorities—Johnson v. Taylor, 3 Sm. & M. 92; Dana v. Gill, 5 J. J. Marsh. 242; Ex parte Bearns, 34 Ala. 71; Anderson v. R. R. Co., 54 N. Y. 335-343; Robinson v. Kious, 4 O. S. 596.

Judgment of Court of Common Feas reversed,, and cause remanded.

Scott, Chief Judge, Johnson, and Ashburn, JJ., concurred.
Day, J., not sitting.